# Ralston *versus* Groff.

1. It is not improper for the court to draw the attention of the jury to the material facts proved, provided it is not so done as to mislead them or so one-sided as to be unfair.

2. It is not error to charge, that 21 years' peaceable possession of an interference will prevent the courses and distances from controlling the title.

3. Generally in the absence of marks of the original survey being found on the ground, the courses and distances will govern, and in case of interfering surveys will give title to the older survey, but this rule is not invariable.

4. The peaceable possession of land for a very long time under an ancient survey is strong evidence of its location when the ancient landmarks are not to be found.

May 14th 1867. Before WOODWARD, C. J., THOMPSON and AGNEW, JJ. STRONG and READ, JJ., absent.

Error to the Court of Common Pleas of *Lancaster county*.

This was an action of trespass q. c. f., brought to December 2d 1864, by John Groff, to the use of Charles Achison, against William Ralston.

The action was for timber cut by the defendant on land which the plaintiff claimed to own.

The plaintiff's title was under two warrants to Calhoun, one in 1753 for 150 acres, surveyed March 26th 1753,—the other in 1794, for 25 acres surveyed October 8th 1823;—both patented as one tract, April 4th 1844. For some time before April 1860, this tract was owned by one McGuire, who about that time conveyed it to Groff, the plaintiff.

[Ralston v. Groff.]

The defendant claimed under a warrant of February 29th 1743, surveyed for John White, March 22d, same year; returned March 12th 1759;. the tract was afterwards owned by Martin Bucher, through whom the defendant claimed; the conveyance to defendant was made April 18th 1832. The two tracts adjoined, and the question was as to the position of the dividing line.

The plaintiff gave evidence of possession for 40 years; he also gave evidence by a surveyor, that after the land had been purchased by the plaintiff he had run the line according to the old deed, and that the land was within the Calhoun survey : also from a witness who had owned the land, that there had been no dispute as to the line till the defendant bought.

The defendant gave evidence that according to the courses and distances, the land would be within his lines; that there were no marks on the ground; that the line had been in dispute for twenty-five years.

He also gave evidence as to the line to which he claimed being agreed on as a consentable line by himself and McGuire. The plaintiff gave rebutting evidence on this point.

The court (Long, P. J.) referred to the facts, and charged :—

"The defence of the defendant is of a two-fold character : First, that according to the courses and distances marked in the office survey under which he claims, they embraced the land in dispute ; and that although the courses and distances of the survey under which the plaintiff claims, also include the land upon which the alleged trespass was committed, yet inasmuch as the defendant's is the older survey and there being no evidence of any courses marked on the ground, his survey must prevail." * * *

"The second branch of the defence is that a compromise or consentable line was mutually agreed to by the parties. If this point is established to your satisfaction the verdict ought to be for the defendant." * * *

"With regard to the first branch of the defendant's defence. The rule of law is as contended for by the defendant, that in the absence of proof to the contrary, by marked lines, monuments or other competent evidence, the lines of the official survey must prevail, and this would apply to the survey made on the warrant for the Bucher tract of land, and the lines of that survey in the absence of other proof would have to be extended, as called for by such survey. But in this case there is other evidence, for the official survey refers to Calhoun's settlement which is said to be the land now claimed by Groff, and Mr. Strohm, as stated by me before, who made a survey of this property, says that the land now in dispute is included in the official survey of Groff's land, and besides there is proof that those under whom Groff claims had been in possession of this property forty years ago and that the woodland was used as belonging to it. If therefore the evidence shows to

you that the land was not included in the survey of the land now claimed by the defendant, or that the plaintiff or those under whom he claims had the peaceable possession of the same for more than twenty-one years, then the courses and distances marked on such survey ought not to control your finding. As to the consentable line I would again remark : If such a line was established and consented to by the parties, the plaintiff or those under whom he claims being one of them, such agreement for a consentable line will be binding upon the parties and they will have to be governed by it, and this is a matter for your determination from all the evidence ; and if such consentable line has been established and proved to your satisfaction and the wood was cut within such consentable line of the defendant, the plaintiff cannot recover, for if the alleged trespass was on the premises of the defendant of course plaintiff cannot recover."

There was a verdict for the plaintiff for $120.

The defendant removed the cause to the Supreme Court.

The errors assigned were as to the manner in which the court referred to the evidence ; and the instructions as to the Statute of Limitations and the consentable line.

*J. Ralston*, for plaintiff in error, cited Thomas *v.* Thomas, 9 Harris 318 ; Adams *v.* Robinson, 6 Barr 271 ; Altemus *v.* Trimble, 9 Id. 233 ; Mills *v.* Buchanan, 2 Harris 63 ; Hole *v.* Rittenhouse, 1 Casey 497 ; 1 Greenleaf's Evidence, 4, § 1 ; Bitting & Waterman's Appeal, 5 Harris 216 ; Pickard *v.* Sears, 6 A. & E. 469 ; Epley *v.* Witherow, 7 Watts 165 ; Carr *v.* Wallace, Id. 400 ; Arnold *v.* Cornman, 14 Wright 368 ; Ormsby *v.* Ihmsen, 10 Casey 470 ; Ward *v.* Taylor, 1 Barr 238 ; Greber *v.* Kleckner, 2 Id. 291 ; Clark *v.* Smith, 1 Casey 139 ; Blasdell v. Bissell, 6 Barr. 258.

*T. E. Franklin*, for defendant in error.

The opinion of the court was delivered, July 3d 1867, by

AGNEW, J.—This case appears to have been fairly submitted to the jury upon proper instructions. The errors assigned complain chiefly of the statements of the testimony made by the court, but these do not appear in any binding form ; and seem to have been referred to merely for the purpose of directing the attention of the jury to the real issues before them. We see nothing in these statements calculated to mislead, while the points of controversy were fairly submitted. It is not improper in a court to draw the attention of the jury to the material facts proved, in order to exhibit the true points of controversy ; provided it is not so done as to mislead them, or in a manner so onesided as to become unfair.

[Ralston v. Groff.]

The 1st assignment of error is founded in a misconception of the meaning of the judge. It was Groff's title to his own tract of land which the judge referred to as undisputed, not the title to the interference, or *locus in quo*.

It was not error to charge, as is complained of in the 5th error assigned, that twenty-one years' peaceable possession of the interference would prevent the courses and distances of the elder survey from controlling the title. While it is generally true that in the absence of marks of the original survey being found upon the ground, the courses and distances in the return of the survey will govern, and in the case of interfering surveys, will give title to the older survey, this is not an invariable rule. In the case of very ancient surveys, such as these (which were more than one hundred years old and lay in an old settled county), it cannot be expected that the ancient landmarks will always be found. Their places must therefore be supplied by secondary evidence. The peaceable possession of land for a very long time under an ancient survey is strong evidence of its location, when the ancient landmarks are not to be found; especially in such a case where two or three generations of men have passed away since the survey was made, and the testimony of living witnesses cannot be produced to point out where those landmarks stood. Every one familiar with the subject of old surveys made by men often not very skilful and oftentimes in haste to pass over the ground, knows how frequently mistakes creep in from bad chaining, and also from transferring the work to the field-notes, and thence into the return of survey. The return of survey which is so far removed by transfer from the original work upon the ground is permitted to govern only when the evidence of location is no longer accessible.

There is nothing in any of the other assignments of error which needs particular notice.

Judgment affirmed.