# Lee *v.* Williams, Appellant (No. 1).

*Trial—Charge—Opinion of trial judge.*

Where a case is retried after a reversal by the Superior Court, it is not reversible error for the trial judge to say to the jury "Whatever regret I may personally feel, as a judge, that any such doctrine should have crept

in the books, it is none of my business. That is the law of this case, as I understand it, to be laid down by the Superior Court."

Whether it is wise for a co-ordinate branch of the government which administers the law to criticise another co-ordinate branch of the government which makes the law, or for one court which is bound to accept the decision, of another court to criticise its decision, may be regarded, within proper limits, as a matter of taste.

Where the appellate court in reversing a case enjoins upon the trial court that careful instructions should be given as to the relative value of the testimony adduced by the plaintiff and defendants respectively, it is not reversible error for the trial judge to say to the jury that "If I were a jury-man, I would not hesitate at all under the evidence in this case, to rely on those book entries in preference to the recollection of men, no matter how honest, as to an event which happened seven years ago."

*Mechanics' liens—Building contract—Stipulation against liens—Subcontractor—Notice.*

Where a building has been commenced under a contract between the owners and the contractor, containing no stipulation against liens, a material-man from whom no material had been ordered, and who had furnished none prior to the cancellation of the contract by the parties thereto, is bound by the provisions of a second contract relating to the same building, containing a stipulation against liens of which he has actual notice, and which was filed in the prothonotary's office in accordance with the terms of the Act of June 26, 1895, P. L. 369, before any materials were ordered from or furnished by him.

Argued Jan. 9, 1906. Appeal, No. 33, Jan. T., 1906, by defendant, from judgment of C. P. Luzerne Co., March T., 1898, No. 231, on verdict for plaintiff in case of George F. Lee and Frank J. Scouton, copartners, trading as Lee & Scouton, v. David Williams and Johanna Owens or Susan Owens, owners or reputed owners, and J. W. Zimmerman and J. E. Zimmerman, contractors or builders. Before RICE, P. J., PORTER, MORRISON, HENDERSON, ORLADY, BEAVER and HEAD, JJ. Affirmed.

Scire facias sur mechanic's lien. Before WHEATON, J.

The facts appear by the opinion of the Superior Court, and by the report in 26 Pa. Superior Ct. 405.

Verdict and judgment for plaintiff for $564.56. Defendant appealed.

*Errors assigned* were various portions of charge quoted in the opinion of the Superior Court.

*E. A. Lynch,* with him *T. D. Shea* and *C. Shea,* for appellants.—The language of the charge was improper and erroneous: Wenger v. Barnhart, 55 Pa. 300 ; Young v. Merkel, 35 W. N. C. 303 ; Dosch v. Diem, 38 W. N. C. 533 ; Pennsylvania Canal Co. v. Harris, 101 Pa. 80 ; Heydrick v. Hutchinson, 165 Pa. 208 ; Herrington v. Guernsey, 177 Pa. 175 ; Cook v. Murphy, 150 Pa. 41 ; Smith v. Levick, 153 Pa, 522 ; Lumber Co. v. Gill, 187 Pa. 24.

*James R. Scouton,* for appellees.—The judge had a right to express his opinion on the evidence: Emmons v. Stahlnecker, 11 Pa. 366 ; Repsher v. Wattson, 17 Pa. 365 ; Oyster v. Longnecker, 16 Pa. 269 ; Didier v. Penna. Co., 146 Pa. 582 ; Fredericks v. R. R. Co., 157 Pa. 103 ; Dimmick v. Sexton, 125 Pa. 334 ; Follmer v. McGinley, 146 Pa. 517 ; McCloskey v. Bells Gap R. R. Co., 156 Pa. 254 ; Price v. Hamscher, 174 Pa. 73 ; Johnston v. Com., 85 Pa. 54 ; Nice v. Walker, 153 Pa. 123 ; Shovlin et al. v. Commonwealth, 106 Pa. 369 ; Commonwealth v. Orr, 138 Pa. 276 ; Commonwealth v. Van Horn, 188 Pa. 143.

OPINION BY BEAVER, J., March 12, 1906 :

Every experienced trial lawyer knows the stress and strain under which one labors when, after repeated rejections of offers of evidence, the very life of his case seems to depend upon the framing of an offer which will compel admission, or if rejected will lay the ground for a successful appeal.

When this case was last here (Lee v. Williams, 26 Pa. Superior Ct. 405), its disposition turned upon the interpretation of just such an offer, and was sent back for a new trial solely on the ground that the offer imported verity.   In then considering the offer which had been made in the court below and which had been rejected, we said : " The question for consideration practically comes to this : Is a materialman, a subcontractor, after a building has been commenced, under a contract between the owners and the contractor, containing no stipulation against liens, from whom no material has been ordered and who has furnished none, which contract has been canceled by the parties thereto, bound by the provisions of a second contract containing a stipulation against liens, of which he has

actual notice and which is filed in the prothonotary's office in accordance with the terms of the Act of June 26, 1895, P. L. 369, before any materials have been ordered from or furnished by him?" As bearing upon that question, we said, in reference to the offer made by the defendant: "If the defendants' testimony rises to the height of their offer, this question will be fairly raised, and, as we are bound to accept the offer as verity, we must deal with it, so far as the case now before us is concerned, as if the testimony would be equivalent to the offer. We are unable to see, under such circumstances, why an issue of fact would not be raised which must go to a jury. Whatever may be our opinion of this offer, in view of the manner in which it was made and of the testimony in the former case, we feel bound to say that, if the facts therein offered to be proved are clearly shown, it will be for a jury to pass upon the credibility of the witnesses and the other facts in the case upon which their testimony is based, under careful instructions from the court as to the relative value of the evidence adduced by the plaintiffs and defendants respectively."

We were thus guarded in our allusions to the offer then under consideration, for the reason that it seemed to us then, and it is even more clear now, that it was made in the excitement of trial, in order to meet objections in the mind of the court which had been expressed as to previous offers. It will be observed, and should be emphasized, that, in our statement of the question for consideration, it was distinctly stated that the question for consideration was declared to be, whether the subcontractor was "bound by the provisions of a second contract, containing a stipulation against liens, of which he has actual notice," etc.

Whatever may be said as to the difference between the offer in the court below in this trial and that which preceded it, it seems to us clear, after a careful reading of the testimony, that no notice of any kind of the actual cancellation of the first contract was given to the plaintiffs. It is true that Zimmerman, the contractor, states that he told Lee, one of the plaintiffs, on September 7, that such a thing was contemplated, but it is also true that he proceeded with the work, as he himself testifies, on the eighth, ninth, tenth and eleventh days of the month, as if nothing had happened. It seems to us, therefore, that,

unless we can construe a declaration of an intention to do a particular act to be actual notice of an act done, there was no notice of the cancellation of the first agreement conveyed to the plaintiffs, and the court would have been entirely justified in striking out or disregarding all the testimony relating to that subject. If that had been done, binding instructions for the plaintiff could not have been here successfully complained of by the defendant.

In this view of the case, the question as to the time of delivery is not one of serious practical importance. Even if it were so, however, we think the court committed no error in the manner of its submission to the jury. When the case was here before, we said in reference to this testimony, if it were to be submitted to the jury, that it should be done " under careful instructions from the court as to the relative value of the evidence adduced by the plaintiffs and defendants respectively." As to the time of the order and of the delivery of the first lumber under it, the plaintiffs proved by entirely disinterested witnesses that the order was taken upon the plaintiffs' order book on September 9. The loading slip of the date, September 11, was produced and it was shown by the ledger that the entry was made therein from the loading slip on the same day. There were, therefore, three distinct entries made on these dates by three different disinterested witnesses. The bona fides of the entries was not in any way attacked, nor was there any proof that would indicate either fraudulent intent or practice. Opposed to this was the testimony of the contractor who refused to swear to any date but who admitted, upon cross-examination, that, if these entries were made, they were more likely to be correct than his recollection. There was also the testimony of a witness who said that he had seen in a memorandum book owned by the contractor, which was not produced but alleged to be lost, the date of the order for the lumber on September 15, instead of September 9. There was other testimony of interested witnesses who testified that the lumber had been delivered on Saturday, the eighteenth, instead of Saturday, the eleventh, of September.

In the first assignment of error the appellants object to the language of the trial judge in the charge as follows : " Whatever regret I may personally feel, as a judge, that any such

doctrine should have crept in the books, it is none of my business. That is the law of this case, as I understand it, to be laid down by the Superior Court." Whether this language of the judge indicated a difference of view from the decision of this court or whether, viewed in the light of a subsequent declaration,—which was : " I want to suggest to you too, that you make a disposition of this case without any regard to any bias or prejudice against the law relating to mechanics' liens. It does not matter how you may feel about that or how I may feel about it. It is of no earthly concern whatever that we may think this is an unwise law which may give to a material-man or a mechanic some sort of method of collecting his debts which we have not got. But that is the law ; it is no concern to us whether it is a wise or unwise law,"—it referred to a doubt as to the wisdom of the mechanics' lien law in general, we are unable to determine, but in either event it did not tend in any way to injure the defendant. On the contrary, if the verdict had been the other way, it might possibly have been complained of by the plaintiffs. Our courts administer the laws as they find them. Whether it is wise for a co-ordinate branch of the government which administers the law to criticise another co-ordinate branch of the government which makes the law, or for one court which is bound to accept the decision of another court to criticise its decision, may be regarded, within proper limits, as a matter of taste.

In Trust Co. v. Railroad Co., 177 Pa. 38, Mr. Justice DEAN, at page 47, said : " Although the learned judge of the court below formally carried out the direction to submit the evidence to the jury on a retrial, he manifestly did so with great reluctance. While his right to adhere to his individual opinion is not doubted, his duty to officially carry out the instructions of this court by not alone a submission but by a fair and impartial submission of the evidence is undoubted. He is not responsible for our errors, however plain they may appear to him ; we are for his, when they appear to be so to us."

Whether the personal opinion of the trial judge related to our disposition of this case or to the wisdom of the mechanic's lien law in general, we are unable to say, but in any event there is no question whatever but that he loyally carried out our instructions, as he understood them, without any appear-

ance of bias, and of the manner in which this was done, or at least so far as this part of the charge is concerned, the appellants cannot reasonably complain. If it tended to influence the jury, it was in their favor.

After stating the exact proposition contained in our opinion in sending the case back for a new trial when it was last here, the judge carefully stated the facts relating thereto. He then said : " I don't know whether I can state that to you in any plainer manner, but it is my duty, under the manner in which this case has come back here to be tried, not only to state to you what the fact is which you must determine, to wit: whether he had actual notice or did not have actual notice before furnishing the material for which this claim has been filed, of the stipulation which has been referred to, but it is also my duty to call your attention to the testimony bearing upon that point, and in that connection to the testimony bearing upon the question of when the first delivery was made, because the two things run together."

After a careful and painstaking statement of all the testimony on both sides of this question, the trial judge goes on to say—and this is assigned for error in the fourth assignment—" You will see, therefore, that in so far as the testimony on the one side and the other bears on this question of when the lumber was ordered and delivered, you have a set of books kept in the ordinary method, under the evidence, in a businesslike way, the entries of which are in no way suspicious ; and that on the other hand you have the testimony of witnesses who testify from their recollection of what occurred seven years ago last September. Unless you do find —and I have not had my attention, as the trial judge, called to anything of that kind—unless you do find some tangible evidence in this case, not mere guesswork, which would lead you to believe that the entry contained in the order book and the entry upon the loading slip, and the entry in the ledger, with the dates thereon, and the amount of material as therein set forth, are erroneous in some way, while it is entirely for you to say, it will be for you to consider seriously whether that is not more apt to be correct as to the date of the order and the date of the first delivery of this lumber than the recollection of witnesses, however honest they may be, who are now

testifying to something which happened seven years ago last September. It is for you to say which you will put the most reliance upon. But in order that the defendants may have the full benefit of everything on the record, if they want it, I say if I were a juryman I would not hesitate at all, under the evidence in this case, to rely on those book entries in preference to the recollection of men, no matter how honest, as to an event which happened seven years ago." Was this going too far, in view of what was enjoined upon the court as to careful instructions as to the relative value of the testimony adduced by the plaintiffs and defendants respectively?

In Burke v. Maxwell's Admrs., 81 Pa. 139, which is much relied upon by the appellants, an expression somewhat similar to that used by the trial judge as to what he would do, if he were a juror, is criticised by Mr. Justice PAXSON, who delivered the opinion. But the expression itself and the entire charge in that case were wholly different from what we have here. It is there said : " The learned judge who tried this case in the court below went far beyond any recognized rule in his discussion of the evidence. It may very well be that he regarded it as a case which, to some extent, justified him in influencing the jury. But even if such were his view he went too far. There can hardly be a doubt but that his charge controlled the jury. It is true that near its close he told them that they were not bound by his views, and might disregard them, yet almost in the same breath he informed them that, if he were in the jury box, he would find against the plaintiff. This, taken into consideration with the whole tone and tenor of the charge, bore so heavily upon the plaintiff as to leave him scarcely a chance ; it was practically controlling the verdict. When there is sufficient evidence upon a given point to go to the jury, it is the duty of a judge to submit it calmly and impartially." Judge PAXSON then goes on to point out the particulars in which the court drew " deductions and theories which, if not wholly unsupported, should have been left for the jury." He then specifies the expressions which could not be justified by anything contained in the testimony. In that case " the right of a judge to express an opinion upon the evidence " was clearly recognized. Ditmars v. Com., 47 Pa. 335, was cited, in which it is said : " It is not error upon the

part of the court to express an opinion merely upon the facts of a case, if they are properly referred to the jury. It is often very proper to do so. It aids the jury and subserves the ends of justice. Care must always be taken, however, not to infringe the province of the jury, so as to relieve them from the full responsibility of pronouncing an intelligent judgment upon them for themselves." Mr. Justice PAXSON then says : " The judge has a right to aid the jury by an expression of his opinion upon the effect of the evidence, but not so as to mislead them, or control their deliberations : Mohney v. Evans, 51 Pa. 80 ; and it must be done in such a manner as not to be one-sided or unfair : Ralston v. Groff, 55 Pa. 276." It is clear, therefore, that it was more the whole tone and tenor of the charge than the expression by the judge of what he would do as a juror which is here criticised and upon which the case was reversed.

There was no unfair balancing of the testimony in this case. The trial judge stated it all with singular clearness and with absolute frankness. Taking the charge as a whole, we cannot see that the jury, was or ought to have been, influenced beyond what was proper by what was said, and we are clear that the obligation regarding careful instructions as to the relative value of the testimony, which we placed upon the judge, was neither shirked on the one hand nor magnified on the other. The case was laboriously tried and exhaustively considered in the charge to the jury, and upon careful consideration we can see no just grounds for complaint on the part of the appellants.

Judgment affirmed.