## N. A. DIDIER v. PENNSYLVANIA CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued November 3, 1891—Decided January 4, 1892.

In a charge to the jury, fairly submitting the material questions of fact involved in the case as presented by the evidence, an expression of opinion by the trial judge upon the weight of the plaintiff's testimony, so long as the jury are left free to form a different conclusion, is not error.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

No. 242 October Term 1891, Sup. Ct.; court below, No. 283 April Term 1888, C. P. No. 2. .

To the first Monday of March, 1888, N. A. Didier brought trespass against the Pennsylvania Company, filing a statement of claim not furnished in the paper-books. Issue.

At the trial, on January 16, 1889, the plaintiff introduced

testimony to show that in November or December, 1887, he agreed to purchase from William Mullins, general purchasing agent of the defendant company, on thirty days time, a car load of brass and bronze scrap, at eleven cents per pound, the scrap then lying at the shops of the company at Fort Wayne, Indiana; that, on December 20th, he received word from Mr. Mullins' office that the scrap had arrived at Pittsburgh, and, on going to the office, received a note to the cashier of the freight station, who, on delivery of the note, took the plaintiff's receipt and gave him an order for the delivery of the brass; that, upon receiving the order, the plaintiff, accompanied by an employee of the company, went to the car standing in the freight yard, and the employee breaking the seals of the car, the plaintiff took out samples of the scrap, and locked the car again with a private key of his own; that the next day or the day after, the plaintiff returned to the yard to take away the entire car load of scrap, when he found that the car had been removed; that he then demanded the contents of the car from Mr. Mullins, who refused him and said the scrap had been sold.

The plaintiff's counsel offered in evidence three numbers of the New York Metal-Exchange Market Report, identified by the plaintiff, to show the New York quotations of copper on November 12th, 19th, and December 20th.

Objected to, as incompetent; that they were New York prices and not Pittsburgh prices.

By the court: Objection sustained; exception.[3]

On the part of the defendant, evidence was adduced to show that on December 9, 1887, Mr. Mullins, the purchasing agent of the defendant company, contracted to sell the lot of scrap to the plaintiff at eleven cents per pound, cash on delivery in the company's Penn Avenue yard at Pittsburgh; that the car arrived on December 19th, and Mr. Mullins at once informed the plaintiff of the arrival, sending him an invoice of the scrap, 24,600 pounds, amounting to $2,706; that the plaintiff was unable to pay for it, and from day to day asked further time; that Mr. Mullins notified him that it would be held for him until noon on Friday, December 23d, and in case of his failure to pay for it it would be sold; that the scrap was so held, and the plaintiff failing to pay, it was then sold; that neither Mr. Mullins, nor Mr. Hukill, his office assistant, gave any order for the

Opinion of the Court.

delivery of the scrap to the plaintiff, but Mr. Hukill thought he had given him a note to the freight agent requesting the latter to allow him to see the contents of the car; and that, until the trial, Mr. Mullins never knew that the plaintiff had been permitted to have access to the contents of the car.

At the ·close of the testimony, the court submitted to the jury the questions of fact, whether the sale was for cash or on time, and whether there had been an authorized delivery of the scrap; exception.

The jury returned a verdict for the defendant. A rule for a new trial having been discharged and judgment entered, the plaintiff took this appeal, specifying that the court erred:

1. " In the whole tone and tenor of the charge, which did not present the plaintiff's case to the jury in that clear, fair and impartial manner in which ·he was entitled to have it presented."

2. In charging the jury as follows: [Copying the entire charge.]

3. In refusing the plaintiff's offer.[3]

*Mr. John C. Shoemaker*, for the appellant.

Upon the first assignment, counsel cited: Burke v. Maxwell, 81 Pa. 153; Snyder v. Wilt, 15 Pa. 64; Mohney v. Evans, 51 Pa. 84; Ralston v. Groff, 55 Pa. 278.

*Mr. William Scott* (with him *Mr. George B. Gordon*), for the appellee.

Counsel cited: Newhard v. Yundt, 132 Pa. 324.

PER CURIAM:

The questions whether the plaintiff purchased the brass for cash or on time, and whether there was a delivery of it to the plaintiff, were properly submitted to the jury, and they have found both in favor of the defendant company. The plaintiff complains that the learned judge below " erred in the whole tone and tenor of his charge, which did not present the plaintiff's case to the jury in that clear, fair, and impartial manner in which he was entitled to have it presented." See first specification. In the second specification the charge is set out at length. A careful examination of it fails to satisfy us that the

plaintiff's objection is well taken. The learned judge fairly submitted to the jury the two important questions of fact above stated. It may be that he was of opinion that the plaintiff attempted to get the brass without paying for it, but he does not tell the jury so. On the contrary, he did not attempt to control them in this respect; and we have repeatedly said that an expression of opinion by the court, so long as the jury are left free to form a different conclusion, is not error.

The rejection of the evidence referred to in the third specification, in view of the finding of the jury, is of no importance, and need not be discussed.

Judgment affirmed.