# Cridland, Appellant, *v.* Crow.

*Sheriff—Action against—Assault by deputy—Personal injuries—Physician—Evidence—Conduct of plaintiff when not on stand—Charge.*

In an action against a sheriff to recover damages for an assault by a deputy in executing a writ, where the plaintiff and her sister testify to a continuous condition of injury, a physician may testify as to the physical condition of the plaintiff six months after the assault, and that he then treated her for the condition which she described on the trial. In such a case the jury should be cautioned that they must be satisfied from the evidence that the injured condition of plaintiff when she was treated by the physician was connected with and resulted from the injury inflicted by the deputy.

It is reversible error for the court in such a case to refer to an hysterical outbreak of the plaintiff in the court room when she was not on the witness stand, as an exhibition which might aid the jury in determining whether the plaintiff's excitable temperament was not in a measure the cause of her trouble with the deputy sheriff; and this is particularly so in view of the fact that the plaintiff charged her excitability in part to the effect of the injury in question.

Great latitude is properly given to the trial judge in commenting upon the evidence, but it is going too far to comment upon the conduct of a witness while not upon the stand.

If the witness shows bias, feeling or partiality upon the stand it may very properly be commented upon as affecting credibility; but the demeanor or conduct of the witness while not upon the stand is no part of the evidence in the case.

Argued March 27, 1908.. Appeal, No. 101, Jan. T., 1908, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1901, No. 3,071, on verdict for defendant in case of Ella Cridland v. Alexander Crow, Jr. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Trespass against the sheriff to recover damages for an assault alleged to have been committed by a deputy sheriff in executing a writ of possession. Before MARTIN, P. J.

At the trial the plaintiff and his sister testified as to a continuous condition of injury to plaintiff's hand and arm, extending many months after the assault. The assault took place in November, 1899.

Dr. F. S. Angeny, called by the plaintiff, was asked this question:

" Q. For what did you treat Miss Cridland at that time in May, 1900 ? ·

Objected to.

Mr. Newlin : I offer to show that in May, 1900, the witness began attending the plaintiff for the condition of her hand and arm, which she told him was brought about in the way she has detailed to this jury, and to show the condition has been a continuous condition of her hand and arm.

Objected to unless there is some connection between the time of her injury and the time she was treated by Dr. Angeny.

Mr. Newlin : I offer to show that this physician treated her for the condition which she has described in this trial.

Objected to. Objection sustained. Exception for plaintiff. [1]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions, and (2) portion of charge quoted in the opinion of the Supreme Court.

*James W. M. Newlin,* for appellant.

*Joseph Hill Brinton,* for appellee.

OPINION BY MR. JUSTICE POTTER, June 2, 1908 :

In the first assignment of error in this case, counsel for appellant complains of the exclusion by the trial judge of certain testimony of a physician. The offer was to show the condition of plaintiff's hand and arm when the witness began attending her in May, 1900, six months after the injuries were alleged to have been inflicted, and that he then treated her for the condition which she described on the trial. Plaintiff had testified as to the injury to her hand and arm inflicted by the deputy sheriff, and that the witness, Dr. Angeny, whose testimony was offered, had treated her for it, within a month after the occurrence; and that the effects of the injury had continued up to the time of the trial, and that she still suffered from it. She was corroborated in this statement by the testimony of her sister. If the evidence of the plaintiff and her sister was believed, it was sufficient to show a continuous condition of injury lasting until long after May, 1900, and the testimony of Dr. Angeny should therefore have been admitted. If plaintiff was injured as she claimed, by the use of unnecessary and excessive force, by the deputy sheriff, she had the right to show the extent and character of the injury, and the evidence of the doctor might have been of material value in this respect to the plaintiff. The trial judge would of course have cautioned the jury in his charge, that they must be satisfied from the evidence that the injured condition of plaintiff when she was treated by Dr. Angeny was connected with, and resulted from, the injury inflicted in the previous November by the deputy sheriff. But subject to this caution and control by the

court, we think the testimony offered should have been admitted.

The second assignment of error relates to the comment of the trial judge upon the actions of the plaintiff and her sister, while in the court room, but not while they were upon the witness stand. In his charge to the jury, he used this language of which complaint is made: " The conduct you saw displayed here in the court room by the plaintiff and her sister may throw some light on the subject; their attitude toward the doctor when a witness upon the stand, and their ungoverned and hysterical conduct when his testimony did not please them—this exhibition may aid you in determining whether or not the story of Scarlett, Moore and the policeman is true and whether this excitable temperament was not in a measure the cause of the trouble." The record does not show just what the occurrence was to which the court referred, but it appears from the statements of counsel, to have been a violent and hysterical outbreak of some kind, which created an unpleasant impression. In thus commenting upon the conduct of the witnesses, when they were not upon the stand, we think the trial judge went too far. He was not justified in asking the jury to compare their conduct in the court room with what it was said to have been at the time of the alleged assault. The circumstances were entirely different, and as to the latter, the facts were directly in dispute. The suggestion of the court put into the case a question of excitable temperament on the part of the plaintiff, and invited the jury to conjecture as to effect of that at the former occasion, instead of confining them to the evidence. Plaintiff charged her excitability in part to the effect of the injury in question; and yet the jury were asked to regard her excitable temperament at the time of the trial, and were permitted to infer from that, her condition several years before. Great latitude is properly given to the trial judge in commenting upon the evidence; but it is going too far to comment upon the conduct of a witness while not upon the stand. If a witness shows bias, feeling or partiality upon the stand, it may very properly be commented upon by the court as affecting credibility. But the demeanor or conduct of the witness while not upon the stand is no part of the evidence in the case. It is easily conceivable that various

unusual circumstances may arise during the course of a trial, and that under the stress of excitement, personal peculiarities may lead to the doing of things in a court room of which no notice should be taken in the orderly administration of justice. The jury should not be instructed to consider, in arriving at a verdict, anything but the law and the evidence in the case.

The first and second assignments of error are sustained, and the judgment is reversed with a venire facias de novo.