# Spitzel *v.* Hunt, Appellant.

*Promissory notes—Defense—Notice of protest—Charge of court.*

In an action against the indorser of a promissory note, where the defendant sets up as a defense failure of due notice of protest at the proper time, and the evidence on the subject is conflicting, it is reversible error for the court to charge that the jury could return a verdict for plaintiff if they thought the defense was a mere technical defense, without giving in the charge any explanation of what was meant by a technical defense.

Argued Oct. 22, 1908. Appeal, No. 85, Oct. T., 1908, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1903, No. 2,352, on verdict for plaintiffs in case of Leopold Spitzel et al., trading as Sanford Spitzel, Copartners, trading as Leopold Spitzel & Bros. Before RICE, P. J., PORTER,

HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.
Reversed.

Assumpsit against the indorser of a promissory note.  Before MOSCHZISKER, J.

Verdict and judgment for plaintiffs for $906.58.   Defendant appealed.

. *Errors assigned* were the instructions quoted in the opinion of the Superior Court.

*DeForrest Ballou,* for appellant.

*Isaac Hassler,* for appellees.

OPINION BY ORLADY, J., July 14, 1909:

This action was brought on a promissory note, signed by Francis J. Lingg, dated November 28, 1902, for the sum of $694.75 payable four months after date, to the order of Isaac P. Hunt at No. 125 South Seventh street, and indorsed, Isaac P. Hunt, Nathan Doras, Leopold Spitzel & Brothers, and others. The note was not paid at maturity and the plaintiffs were obliged to lift the note from a bank which then held it, and have brought this suit against the defendant as an indorser. The contention of the defendant was that he was an accommodation indorser, and in addition to his defense as such, that he was not liable on account of a defective presentation for payment at the proper time and place.  The testimony was very conflicting, and under the evidence the plaintiffs failed to adduce sufficient proof to submit to the jury of the demand for payment, protest and notice of protest on the day required by our statute to the indorser at No. 125 South Seventh street; but under other evidence adduced, the court below held that it was a proper case for submission to the jury.

A number of points were presented and refused without reading, and the only assignments with which we are concerned are as follows: 10. The learned court erred in charging the jury as follows: "If you believe this defense is a mere

technical defense, you should find for the plaintiffs." This statement by the court was in response to a request for a special exception on the part of the defendant, and should be taken in connection with the answer of the court given at that time as follows: "In answer to that I say, that I leave it entirely with the jury; I do not want to control the matter at all." In the body of the charge the court stated: "If you think the defense is a mere technical defense, you can dismiss it and render a verdict for the plaintiffs, but it is your duty to give consideration to the defense before you make up your mind to that. Of course, if you do not believe that, and you believe that the defendant is entitled to a verdict, you bring in your verdict for the defendant." At the opening of his charge the learned trial judge stated: "There have been a great many technical points raised in this case, but I am going to try to make the case as simple and plain as I can. I am not going to review the evidence at large, because I do not consider it necessary to do so. It is for you to decide what you believe and what you do not believe."

There is a well-defined boundary line of duty which separates the court from the jury, and the difficulty with the instructions as above quoted is, that the jury was not given any explanation of what was meant by the technical defense, and the determination of the case submitted to them was made to depend not upon whether the facts were as claimed by the plaintiffs or as by the defendant, but rather upon the question of whether the defense interposed to the plaintiffs' claim was a technical one. A defendant may in good conscience owe a debt and yet be relieved at law for its payment. A defense that is purely a technical one, as the statute of limitations, want of due notice, or notice at the proper time, benefit of the exemption laws, the time, place or manner of service of process, which to the lay mind is rightly considered as technical, yet in law is frequently adjudged to be sufficient to prevent a judgment. In submitting the case to the jury the court determined that the defense was not a mere sham and pretense, but was entitled to substantial consideration. Having decided that the case was one for the jury, it followed that it

should be submitted to that tribunal in accordance with our well-established rules as stated in Burke v. Maxwell's Administrators, 81 Pa. 139. The right of a judge to express an opinion upon the evidence has been recognized in a number of cases. In Ditmars v. Commonwealth, 47 Pa. 335, it was said by THOMPSON, J.: "It is not error on the part of the court to express an opinion merely upon the facts of the case, if they are properly referred to the jury. It is often very proper to do so. It aids the jury and subserves the ends of justice. Care must always be taken, however, not to infringe the province of the jury, so as to relieve them from the full responsibility of pronouncing an intelligent judgment upon them for themselves. . . . When there is sufficient evidence upon a given point to go to the jury, it is the duty of the judge to submit it calmly and impartially, and if the expression of an opinion upon such evidence becomes a matter of duty under the circumstances of the particular case, great care should be exercised that such expression should be so given as not to mislead, and especially that it should not be one-sided. The evidence, if stated at all, should be stated accurately, as well that which makes in favor of a party as that which makes against him; deductions and theories not warranted by the evidence should be studiously avoided; they can hardly fail to mislead the jury and work injustice. For further enforce-· ment of this rule see Coxe v. Deringer, 82 Pa. 236; Linn v. Commonwealth, 96 Pa. 285; Mattern v. McDivitt, 113 Pa. 402; Reichenbach v. Ruddach, 127 Pa. 564; Commonwealth v. Warner, 13 Pa. Superior Ct. 461; Lee v. Williams, 30 Pa. Superior Ct. 349.

We do not doubt the learned judge intended to do exact justice, but he unwittingly stepped over the line in making the liability of the defendant depend· upon the question of whether his defense was a technical one or not. Without further explanation it is quite apparent that such a statement coming from the bench would control, or at least very seriously affect, the determination of the jury.

The tenth assignment of error is sustained, and the judgment reversed with a venire facias de novo.