## Shipp *v.* Schmitt & Murphy, Appellants.

*Practice, C. P.—Trials — Instructions to jury — Question not raised in pleadings.*

Where, in an action for the balance alleged to be due on the purchase-price of a patent, the issue between the parties is whether or not the patented article was manufactured and ready for sale, and the last payment was, therefore, due under the terms of the contract, it is error for the trial judge to submit to the jury the question as to whether or not the defendants had exercised due diligence in manufacturing the article, when such question was not raised in the pleadings.

*Practice, C. P.—Trials—Expression of opinion by trial judge.*

It is more than a mere expression of the opinion as to the weight and value of the evidence, and constitutes reversible error, for the trial judge to charge a jury that "in our opinion under the law and under the facts the plaintiff is entitled to a judgment, but I leave that matter entirely for your consideration. We are leaving the matter in your hands without express or binding instructions, because if we err we can control the matter afterwards."

Argued March 3, 1919. Appeal, No. 5, March T., 1919, by defendants, from judgment of C. P. Luzerne Co., June T., 1915, No. 580, on verdict for plaintiff in case of M. W. Shipp v. Schmitt & Murphy. Before ORLADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ. Reversed.

Assumpsit on written contract for the sale of a patent. Before GARMAN, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $329.52 and judgment thereon. Defendants appealed.

*Errors assigned* were various rulings on evidence and the instructions quoted in the opinion of the Superior Court.

*S. S. Herring,* for appellants.—The trial judge erred in his expression of opinion: Burke v. Maxwell, Adm'rs, 81 Pa. 152; Ditmars v. Commonwealth, 11 Wright 335; Sampson v. Sampson, 4 S. & R. 330.

*Andrew Hourigan* and *Frank Lewis Pinola,* for appellee.—The instructions of the trial judge were free from error: Repsher v. Wattson, 17 Pa. 365; Bitner v. Bitner, 65 Pa. 347; Leibig v. Sterner, 94 Pa. 466; Price v. Hamscher, 174 Pa. 73.

OPINION BY KELLER, J., April 21, 1919:

The appellee was the inventor of an improvement in hose clamps, upon which, on August 18, 1913, letters patent had been allowed but not yet issued. On that date, he assigned a two-thirds interest in the patent to the appellants for the sum of one thousand dollars, of which two hundred dollars was paid in cash and the balance was to be paid (as set out in the receipt evidencing the transaction) as follows: "Three hundred ($300) dollars when the patent has been issued in accordance with assignment dated this date and forwarded to the patent office at Washington, D. C., to be recorded, and $500 (five hundred dollars) after the corporation has been formed as per agreement, and the patented article is ready for sale." The agreement for the formation of a corporation, referred to in the receipt, was signed by all three of the parties on August 19, 1913, and provided for the organization of a corporation to manufacture and sell said invention, upon the issuing of the letters patent therefor, each party to be entitled to an equal one-third interest in the capital stock of said corporation. Following the agreement, the corporation was organized and the stock issued in accordance therewith, the appellee being made president, the appellant, Schmitt, secretary, and the appellant, Murphy, treasurer, and steps were taken to manufacture the patented article and get it ready for sale. The appel-

lants paid the second installment of three hundred dollars on the date fixed in the receipt, and between November, 1913, and December, 1914, paid the appellee further sums, amounting to $199, but refused to pay the balance, $301, and the appellee brought this action to recover the same, with interest, averring in his statement of claim that the patented article was manufactured and ready for sale on August 17, 1914.

The appellants filed an affidavit of defense, in which they denied that the patented article was manufactured and ready for sale on August 17, 1914, or at any other time, and averred that, in consequence, the last payment of $500 had not become due and payable. The issue was, therefore, clear cut, and was restricted to the question whether the patented article was ready for sale at the time suit was brought by the appellee. The evidence on both sides was properly confined to the issue raised by the pleadings, the appellee presenting testimony that the hose clamp had been manufactured and ready for sale on August 24, 1914, and had been exhibited at various automobile shows, and the appellants denying this and alleging that the manufactured parts of the article had never been assembled, and that the clamp was never ready for sale, and also offering testimony in explanation of the payments of $199 credited on the third installment of the consideration for the assignment of the patent.

There was no averment in the plaintiff's statement and no evidence offered by him that there was any bad faith or want of due diligence on the part of the defendants or of the corporation controlled by them in manufacturing the article and getting it ready for sale. He averred only that it had been manufactured and made ready for sale, and that the final payment under the terms set forth in the receipt was, therefore, justly due and payable. Nevertheless, the learned trial judge, in his charge to the jury, said: "There is another question in the case that a discussion would have brought

out, to which I must allude, and that is this: That
under the provision 'ready for sale,' there is the impli-
cation that it would be ready within a reasonable time.
A corporation could not buy a patent and then under
such an agreement sit down and refuse to prepare the
article for sale. If you find that the article was not
prepared for sale, and that from the date of that assign-
ment in 1914 until now is not a reasonable time, then
you might give the plaintiff a verdict. If you find,
however, that it was not prepared and ready for sale
and that the time in which it should be prepared was
not unreasonable, then the verdict might be for the de-
fendants. You will observe that the testimony seems
to show that it was the corporation that was to prepare
it for sale, not Mr. Shipp, the plaintiff, and not the two
defendants personally. Therefore, we say to you that
the corporation, two-thirds of which was controlled by
the defendants, could have only a reasonable time to
manufacture the clamps before this money would be
due under this agreement. That is my understanding
of it, and with that view we submit the question to you.
If you find that they were not ready, and that the time
when they should have been ready to the present time
is unreasonable in length, then the plaintiff would be
entitled to a verdict." This brought to the consider-
ation of the jury an issue not raised by the pleadings or
the evidence, and not in the case, and was error. The
fifth and sixth assignments of error are sustained.

At the close of his charge, the learned judge also said
to the jury: "In our opinion, under the law and under
the facts, the plaintiff is entitled to a judgment, but I
leave that matter entirely for your consideration. We
are leaving the matter in your hands without express
or binding instructions, because if we err we can con-
trol the matter afterwards." This was going beyond the
widest latitude of comment or expression of opinion on
the evidence permitted to a trial judge by the decisions
of this State. The language complained of was not

merely the expression of the judge's opinion as to the weight and value of evidence as to a material fact: Repsher v. Wattson, 17 Pa. 365; nor as to the truthfulness of the plaintiff's testimony: Price v. Hamscher, 174 Pa. 73; nor of doubt as to the truth of the defendants' testimony: Leibig v. Steiner, 94 Pa. 466. It was not confined to the consideration of any particular fact or the evidence of any particular witness or witnesses. It covered the whole case and embraced both fact and law, and exceeded the "authority of the trial judge to express opinion upon the evidence and comment on matters affecting the credibility of the witnesses": Blumenthal v. Green, 52 Pa. Superior Ct. 292. In Sampson v. Sampson, 4 S. & R. 329, the trial judge in his charge to the jury said: "Upon the whole, the evidence on the part of the defendant appears to be very loose, too much so to entitle him to a verdict." The Supreme Court held that the language was improper, Mr. Justice GIBSON saying: "To say the evidence is too loose to entitle the party to a verdict looks so much like a positive direction operating on both fact and law, that it may very well, to say the least, have been mistaken for one," and Mr. Justice DUNCAN: "It was a declaration that, whatever credit might be given to the witnesses on the part of the defendant, whatever conclusion the jury might draw from the testimony, still it was insufficient in law to entitle the defendant to a verdict."

Nor was the error such that it could be cured by referring the matter to the jury for their consideration: Burke v. Maxwell, 81 Pa. 139. As was said by the President Judge of this court in the case of Spitzel v. Hunt, 39 Pa. Superior Ct. 631: "Such a statement coming from the bench would control, or at least very seriously affect, the determination of the jury." The seventh assignment of error is sustained.

The remaining assignments are without merit. The minutes of the corporation, written by the defendant, Schmitt, of the meeting of October 26, 1914, attended

by himself and his codefendant, but not by the plaintiff, were in effect a self-serving declaration on the question as to whether the clamps were ready for sale, and, as such, were inadmissible. All of the evidence, the exclusion of which was assigned for error in the first, second and fourth assignments, was subsequently gone into at length by the appellants, without objection on the part of the appellee.

The judgment is reversed and a venire facias de novo is awarded.