## Commonwealth v. Johnson, Appellant.

*Securities act—Stocks—Salesman—Sales—Isolated transaction—Act of May 6, 1925, P. L. 528; Act of June 14, 1923, P. L. 779.*

One who represents himself as the agent of a corporation offering its stock for sale, and gives an option for a considerable amount of the stock, is a salesman under the definition of the Act of June 14, 1923, P. L. 779, as amended by the Act of May 6, 1925, P. L. 528. (Securities Act).

The exception in Section 2 of the Act of June 14, 1923, P. L. 779, with respect to isolated sales by owners of stock, is intended to ap-

ply to isolated and occasional sales of issued stocks, or other securities, in the possession of ordinary holders who are the bona fide owners and neither dealers in nor underwriters thereof, and who make such sales personally or through their representatives or agents, for their own individual accounts.

Under the evidence in this case it was not error to decline to submit to the jury the question whether the transactions proven against the defendant came within the above exception.

*Trial C. P.—Charge of Court—Expression of opinion by trial judge.*

A Judge may express his opinion regarding the evidence, and in some cases it may be his duty so to do, but this should be so done as not to withdraw the evidence from the consideration and decision of the jury.

Argued October 18, 1926.    Appeal No. 251, October T., 1926, by defendant, from judgment of Q. S. Philadelphia County, November Sessions, 1925, No. 647, in the case of Commonwealth of Pennsylvania v. W. Curtis Johnson, alias Wm. A. Wagner. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Indictment for violation of the Securities Act. Before TAULANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the Court, permitting an amendment to the indictment, and refusal to grant a new trial.

*John Martin Doyle,* for appellant.—The sale in question was an isolated transaction, and did not constitute a violation of the Securities Act: State v. Gopher Tire and Rubber Co., 146 Minnesota 52; Commonwealth v. Tassone, 246 Pa. 543.

*Eugene V. Alessandroni,* Assistant District Attorney, and with him *Charles Edwin Fox,* District Attorney, for appellee.

OPINION BY CUNNINGHAM, J., December 10, 1926:

Appellant was convicted in the court below of having acted as salesman for the stock of the Expo-Camera Corporation, a Delaware corporation, without having been registered as such salesman by the Secretary of Banking of this Commonwealth in accordance with the provisions of "The Securities Act" of June 14, 1923, P. L. 779, as amended by the Act of May 6, 1925, P. L. 528. From the judgment pronounced against him he has appealed to this court alleging that the trial judge erred in overruling his motion to direct an acquittal, in the charge to the jury and in refusing a new trial.

By the third section of the act under which the indictment was drawn it is provided, inter alia, that "No salesman or agent shall, in behalf of any dealer, sell, offer for sale, tender for sale or delivery, or solicit subscriptions to or orders for, or dispose, or undertake to dispose of, or invite offers for or inquiries about, any securities within this state unless registered as a salesman or agent of a dealer under the provisions of this act" and by section twenty-two a violation of these provisions is made a misdemeanor. The act divides persons engaged in the business of marketing securities into two classes: (a) "dealers" and (b) "salesmen," or agents, of dealers. It contains detailed and elaborate provisions relative to the registration of and the issuing of certificates to each class. By clause (c) of section two it is provided that "The term 'dealer' shall include every person or company, other than a salesman, who engages for profit in this state, either for all or part of his time, directly or through an agent, in selling, offering for sale or delivery, or soliciting subscriptions to or orders for, or undertaking to dispose of, or to invite offers for or inquiries about, or dealing in any man-

ner in any security or securities within this state'';
and by clause (d) that ''The term 'salesman' shall,
except as provided in section four [which section has
no application to the facts in this case], include every
person or company employed or appointed or author-
ized by a dealer to sell, offer for sale or delivery, or
solicit subscriptions to or orders for, or dispose of in-
quiries about, or deal in any manner in, securities
within this state, whether by direct act or through
subagents.'' In section ten provision is made for the
registration of agents or salesmen upon the written
application of a registered dealer and for the issuing
to them of registration certificates. Summarizing the
six assignments of error we find that they allege error
in the following particulars: (a) In refusing, when
the Commonwealth rested, to direct an acquittal upon
the ground that its testimony showed only an ''isolated
transaction'' by the defendant within the third excep-
tion under clause (c) of section two of the act, and in
ruling that if the defendant claimed exemption under
any of the exceptions in the act the responsibility of
showing such exemption rested upon him. (b) In fail-
ing to submit to the jury the question whether under
all the evidence the acts of defendant constituted such
an isolated transaction as to bring him within the
said exception, and in charging in a manner unduly
prejudicial to the defendant. (c) In holding that if
the allegation of agency in the indictment is considered
material the court would amend by changing the name
of defendant's principal from Expo-Camera Corpora-
tion to General Capital Company, and in refusing a
new trial.

1. In disposing of the assignments referred to in
paragraph (a) it is essential to consider the material
facts disclosed by the evidence introduced, without
objection, by the Commonwealth. They may be sum-

marized as follows: The defendant, W. Curtis Johnson, on September 25, 1925, presented himself to the prosecuting witness, Charles S. Campion, an insurance agent having an office at 326 Walnut Street, Philadelphia, and, representing that his name was W. A. Wagner, offered for sale to Campion certain shares of the capital stock of the Expo-Camera Corporation of New York. This company had been incorporated under the laws of the State of Delaware with an authorized capital of $2,000,000—400,000 shares each of the par value of $5—and, being desirous of obtaining new capital, was placing several hundred thousand shares upon the market. The defendant made certain representations with respect to this stock which are not material to the issue under the indictment. Campion declined to buy the stock outright, but took from defendant an option signed by him under the name of Wagner and reading as follows: "New York, Sept. 25, 1925. I hereby reserve for consideration without obligation to buy 1000 shares of the Capital stock of the Expo-Camera Corporation of New York at $5 per share, it being understood that this reservation is automatically cancelled if same is not taken up within 15 days from date. General Capital Company, (Sgd) W. A. Wagner, Agent." Shortly thereafter Campion received a letter under date of September 26, 1925, signed by the General Capital Company of New York, by W. E. Bunn, acknowledging the receipt of "said reservation order for one thousand (1000) shares of Expo-Camera stock, through our representative Mr. Wagner." Within a few days after the receipt of this letter a man, giving his name as Corson Barnes, Syracuse, N. Y., called on Mr. Campion, and, representing himself as an agent of the Eastman Kodak Company, inquired whether Campion owned any of the stock of the said Expo-Camera Corporation.

Barnes stated that he "was out trying to get this stock; that they wanted to control the Camera watch," and said he would give Campion $7,500 for the stock for which Campion was to pay $5,000. Under date of October 6, 1925, Campion received a telegram from the said General Capital Company advising that the option had been withdrawn. In the above mentioned letter there was enclosed, inter alia, an advertisement of the General Capital Company, 1650 Broadway, New York, offering the stock of said Expo-Camera Corporation for sale and containing a history of the organization of the company, a description of its patents and a prospectus, and stating that this stock was recommended and offered by said General Capital Company. At the time of these transactions neither of said companies nor the defendant was registered in any capacity with the Bureau of Securities of the Commonwealth of Pennsylvania for the sale of said stock or any other securities.

After proving these facts the Commonwealth rested and it seems, although the record is not very clear on this point, that counsel for the defendant then moved the court to instruct the jury to acquit upon the ground that the Commonwealth had shown only an isolated transaction by the defendant, which transaction came within the third exception under clause (c) of section two of the act. As defendant did not rest, the refusal of his motion was proper, Commonwealth v. DeGeorge, 89 Pa. Superior Ct. 188, but as the fifth assignment alleges error in failing to charge on the question of an isolated transaction we shall dispose of the matter on its merits.

In section two it is provided 'that certain transactions shall not constitute the person or company engaging therein a "dealer" within the meaning of the act. One of the transactions thus referred to is

described in the third paragraph of clause (c) of that section in the following language: "Three. In an isolated transaction in which any security is sold or offered for sale, subscription, or delivery, by the owner thereof, or by his representative or agent, for the owner's account; such sale or offer for sale, subscription, or delivery not being made in the course of repeated and successive transactions of a like character by such owner or on his account by such representative or agent; and such owner or representative or agent not being the underwriter of such security." The learned trial judge in overruling the motion stated that in his opinion the transaction shown by the Commonwealth's evidence was not the kind of an "isolated transaction" contemplated by said exception; and, further, that it could not come within the eighth exception under said clause (providing in substance that when "a company organized under the laws of this State" is the issuer of stock and disposes of its own securities in good faith for the sole account of the issuer and under certain specified conditions, such sales shall not constitute the issuing company a "dealer"), because here the issuing company is a foreign corporation. The court further held that if the defendant claimed exemption from prosecution under any other exception in the act the responsibility was upon him to bring himself within such exception. We are of opinion that there was no error in these rulings. The learned counsel for defendant admit that their client was not the "owner" of the stock but argue that he was the "representative or agent" of the Expo-Camera Corporation, the owner, and was endeavoring to make the sale for that "owner's account" within the meaning of the exception. They concede that the defendant "was two degrees removed from the owner, in that the owner was the Expo-Camera Corporation, which was selling the stock

through the General Capital Company of New York as broker, and defendant was a salesman for the General Capital Company," but contend that in calling upon Mr. Campion he was acting as the representative or agent of the Expo-Camera Corporation. Even if we should adopt this theory, the transaction did not come within the exception. This exception manifestly was intended by the legislature to apply to isolated and occasional sales of issued stocks, or other securities, in the possession of ordinary holders who are the bona fide owners and neither dealers in nor underwriters thereof, and who make such sales personally, or through their representatives or agents, for their own individual accounts. Under the evidence for the Commonwealth, neither the General Capital Company nor the defendant was the "representative or agent" of the kind of an "owner" contemplated by said exception. The eighth exception could have no possible application to the evidence because the issuing company was not organized under the laws of this state. In addition to these considerations it should be noted in passing that the exceptions relied upon on behalf of defendant are all exceptions under clause (c) of section two which defines the term "dealer," whereas the defendant was acting as a "salesman" within the definition of that term in clause (d) of said section.

2. With respect to the alleged error in failing to submit to the jury the question whether the acts of defendant amounted to an isolated transaction within said exception, it is sufficient to say that there was no evidence in the case which would have justified the learned trial judge in submitting this question to the jury. Counsel for defendant contend very earnestly in their printed argument that the charge of the court was unduly prejudicial to the interests of their client. The trial judge did not refrain from indicating quite clearly certain inferences which the jury, in his

opinion, would be justified in drawing from the evidence and which, if adopted, would lead to a conviction. A rather vivid illustration of the way in which widows and inexperienced investors might be imposed upon in the purchase of securities was given for the purpose, as expressly stated, of showing the public necessity for laws such as our "Securities Act." At the conclusion of the charge, when counsel for the defendant took a general exception upon the ground that the charge was onesided, the trial judge stated that if counsel recalled any additional facts which had been overlooked and which he would like to have presented to the jury, or any legitimate inferences of persuasive force that could be drawn from the evidence, he would present them. Counsel directed attention to the fact that defendant justified the use of the name Wagner upon several grounds, one of which was that the real W. A. Wagner, an official of the General Capital Company, had been in communication with Campion about the stock and had instructed the defendant to use his name. The attention of the jury was then directed to the defendant's explanation of the use of an assumed name and to the fact that on a previous visit to Campion he had given his real name. Consideration of the charge as a whole discloses that the court below submitted the entire case to the jury and did not infringe upon their province to make their own decision upon all the evidence. "It is well settled in this Commonwealth that a judge may express his opinion regarding the evidence, and in some cases it may be his duty so to do, but this should be so done as not to withdraw the evidence from the consideration and decision of the jury": Commonwealth v. Havrilla, 38 Pa. Superior Ct. 292, 297. See also Commonwealth v. Jones, 89 Pa. Superior Ct. 219, in which the authorities are reviewed by Judge KELLER; and Commonwealth v. Bloom, 88 Pa. Superior Ct. 93.

3. The indictment stated that the defendant in committing the offense was the agent and salesman of the Expo-Camera Corporation. As we have seen, the testimony showed that he was a salesman for the General Capital Company, the general agent for the sale of the stock. The court below in its opinion refusing a new trial held that the allegation of agency in the indictment was surplusage; that the real offense charged was offering certain designated securities for sale without being registered, etc.; that it was immaterial, therefore, for whom the defendant was agent; and added that "even if we should consider the allegation of agency material, the court will amend the bill of indictment by changing the name of the defendant's principal from Expo-Camera Corporation to General Capital Company, as this is authorized by section 13 of the Criminal Procedure Act of March 31, 1860, P. L. 433." No formal order amending the indictment seems to have been made, and we do not consider it necessary in disposing of this appeal to pass upon the question of the power of the lower court to amend the indictment after verdict. In view of their contention in the court below and here with respect to the agency of defendant, his counsel cannot consistently charge prejudicial error in this particular. Defendant was charged in the charging part of the indictment with offering for sale, soliciting and inviting subscriptions to and orders for the capital stock of the Expo-Camera Corporation without being registered as a salesman or agent of a duly registered dealer, and without having had issued to him the necessary registry certificate, etc., and we do not consider the suggested amendment necessary. The evidence to sustain the charge was sufficient and convincing and we are not persuaded that the court below abused its discretion in refusing a new trial. All the assignments of error are accordingly dismissed.

The judgment is affirmed and the record is remitted to the court below, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.