Sanders *v.* Stotesbury, Appellant.

524

Argued October 15, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Layton M. Schoch,* for appellant, cited: Kane v. P. R. T. Co., 248 Pa. 160.

*Gilbert J. Kraus* of *Levinthal & Kraus,* for appellee, cited: Bloom v. Bailey et al., 292 Pa. 348.

OPINION BY BALDRIGE, J., January 30, 1931:

This action was brought to recover damages for personal injuries sustained in a collision between two automobiles. A jury found a verdict in favor of the plaintiff for one thousand dollars, and this appeal followed.

At 11:15 o'clock on the night of October 30, 1928, the plaintiff was driving a Lincoln car southwardly on the East River Drive, in the City of Philadelphia, and the Cadillac of the defendant, driven by a chauffeur, was proceeding northwardly. When the cars reached a point from three to six hundred feet south of a curve at the Grant monument, they collided.

The assignments of error which we will discuss are (1) to the admission of evidence showing the manner and conduct of the driver and the position of the defendant's automobile at points distant from the place of the accident; and (2) to the charge of the court.

The court allowed witness Bosworth, who was driving in the same direction that the defendant's car was travelling, to testify that after he rounded the Washington monument, the defendant's driver tried unsuccessfully "to force" his way through to his right and also to get by other cars, and that, finally, when the natural stone bridge, north of Girard Avenue Bridge, was reached, the defendant's car passed him, "taking the extreme left of all the traffic," and, thereafter, passed other cars in quick succession. This testimony described the alleged operation of the defendant's car at a considerable distance from the scene of the accident. If there had been no eye-witnesses to the run-in,

the admission of this testimony would have been more doubtful. The question involved, however, was, whether the proximate cause of the accident was the driving of the defendant's car on the wrong side of the road, when the accident occurred, or whether the plaintiff turned suddenly to his left and ran into the defendant's car. Witnesses testified as to the location of the cars and the manner in which they were being driven immediately before, and at the time of, the accident. In these circumstances, the conduct of the defendant's driver prior thereto was not relevant.

The trial judge conceded that there was nothing in the testimony to indicate any negligence on the part of the defendant's driver in attempting to pass others before he reached the point of the accident. But the court was of the opinion that the testimony of the driver's prior conduct strengthened the plaintiff's theory that the defendant's driver was attempting to pass other cars at the time of the accident and that his former movements were but a part of the single transaction and served to throw light upon the question of the negligence charged. With this view we disagree. The defendant passed cars at distant points, under conditions free of proven negligence; that does not warrant the deduction that later his chauffeur negligently drove on the wrong side of the road. Nor do we view his former manner of driving the car, at a fairly remote place, so intimately connected with his conduct at the time of the impact as to be regarded as a "single transaction." That contention would have had more force, if there had not been witnesses to the accident, on the theory that the driver's former action was the best available evidence to show his conduct at the time of the collision, but that rule does not apply where witnesses were present and saw what occurred; conjecture then was unnecessary.

The admission of testimony complained of, no doubt,

left an impression on the jury that the defendant was endeavoring recklessly to preempt the road, irrespective of the rights of others. Such an effect would be very harmful when it came to determining the real cause of the collision.

The second assignment of error relates to the charge of the court and calls for our consideration. The trial judge said to the jury, ''Looking at the evidence from that view, the plaintiff contends, as I understand it, that he was coming down the East River Drive. How fast he was going he does not tell us and although it is a matter entirely for you, it seems to me that the speed of the respective cars in this case has very little to do, if anything, with the causes of the accident. The causes of the accident arise from other factors, it seems to me, than mere speed. So, in that view, it is not very important how fast he was coming.''

Under the plaintiff's testimony, the defendant's car was going thirty miles an hour and the speed of that car probably was not important, but, under the testimony of two disinterested witnesses produced by the defendant, the plaintiff's car was coming in the opposite direction to the defendant's car at a speed of forty-five to fifty miles an hour, five or six seconds before the collision, and the speed of that car went to the very essence of the defense. The plaintiff said that he heard a noise which he thought was under the folding seat in his car and then the car tilted and swerved to the right; he straightened it up and was hit by the other car. Maloney, a park guard called by the plaintiff, testified that the plaintiff was on the right side of the road, but he stated also that immediately before the accident, the plaintiff's rear tire flew off, then his car ''tilted and slightly swerved'' and ''it continued on down the avenue for about an-

other one hundred feet or so;" then its right side was hit by the right side of the defendant's car.

The theory of the defendant was, that when the plaintiff's tire flew off, his car was going at such a high rate of speed that his car swung suddenly and swiftly to the left—the defendant's side of the road, and the defendant's driver, attempting to escape the oncoming car, turned abruptly to the left at a time when he was on his right side of the road. In so doing, the right side of each car came in contact with one another, as stated by the park guard. Photographs of the two cars were offered in evidence and they clearly show that the cars came together with great force.

The right of a judge to express an opinion as to the weight and value of evidence, or to the truthfulness of testimony, provided the jury is left free to come to its own decision as to the facts, has been recognized for many years and is supported by a multitude of cases. In Ditmars v. Com., 47 Pa. 335, the Supreme Court, speaking through Mr. Justice THOMPSON, said, "It is not error upon the part of the court to express an opinion merely upon the facts of the case, if they are properly referred to the jury. It is often very proper to do so. It aids the jury and subserves the ends of justice. Care must always be taken, however, not to infringe the province of the jury, so as to relieve them from the full responsibility of pronouncing an intelligent judgment upon them [the facts] for themselves." In Burke v. Maxwell, 81 Pa. 139 (152), Mr. Justice PAXSON said, "The judge has a right to aid the jury by an expression of his judgment upon the effect of the evidence but not as to mislead them or to control their deliberations ...... Deductions and theories are drawn, which if not wholly unsupported, should have been left for the jury." See also Siracusa v.

Miller Const. Co., 43 Pa. Superior Ct. 466; Vernon v. Vernon, 72 Pa. Superior Ct. 91.

We are confident that the trial judge did not intend to mislead or invade the right of the jury. In our judgment, however, the minimizing of the speed of the plaintiff's car—stating that speed had little, if anything, to do with the cause of the accident—was detrimental to the defense. The depreciation of that factor by the trial judge probably dissuaded the jury from giving it the serious consideration to which it was entitled. It was conceded that the tire flew off, and it would not be an unreasonable deduction to conclude that the speed of the car contributed very largely to the accident; it was certainly a legitimate and plausible theory to advance. The expression of the trial judge complained of did not deal merely with a fact in evidence; it related to the theory of the case, which involved the application of the law to the facts, and, hence, if such an expression was inaccurate, it was to the defendant's injury. After an exception was asked to the part of the charge in question, the trial judge did state to the jury, "Of course what I said upon the subject of speed does not control you. I was analyzing the evidence telling you what I thought the significance of speed in the case was. If you think it is important you will bear it in mind and give it such weight as you think it deserves." A mere direction that the jury was not bound by his view might not redress the harm done. In Sampson v. Sampson, 4 S. & R. 329, the court held that it is the peculiar and exclusive province of a jury to draw inferences from facts that have been produced. As was said in Spitzel v. Hunt, 39 Pa. Superior Ct. 631, "Such a statement coming from the bench would control, or at least very seriously affect, the determination of the jury." See also Shipp v. Schmitt et al., 71 Pa. Superior Ct. 496.

We are of the opinion that the defendant is entitled to a retrial.

Judgment is reversed and a new trial ordered.

---

DISSENTING OPINION BY LINN, J., CUNNINGHAM, J., CONCURRING:

While agreeing that the first assignment of error be sustained, I think the second should be overruled, and as the matter is of general importance, the reason for differing from the majority of the court may be stated.

In ascertaining whether there was contributory negligence, the jury was of course entitled to consider the speed of plaintiff's car, giving such weight to the evidence on the subject and to the inferences to be made from the evidence, in its general deliberation to find the ultimate facts in issue, as it deemed necessary to reach a verdict on all the evidence in the case.

The majority of the court decides that there was harmful error,—that is, there was manifest abuse of judicial discretion—in making the comment on the evidence concerning plaintiff's speed. The questioned passages from the charge may perhaps be quoted again, with a little more of the context, only noting, as appears by the opinion of the majority, that the second comment came after the attention of the court, and of the jury, had been called to the subject by the request for an exception. This dramatic fact—this challenge, in the hearing of the jury, of what the court had said concerning plaintiff's speed—brought to, and had a marked tendency to keep before the attention of the jury that the court did not intend that they should be controlled by the challenged passage, but, that the jurors were free to make up their own minds on all the evidence without regard to what the court had said on the subject.

The learned trial judge said: "With that explana-

tion, [general instructions previously given] and caution, let us see what the contentions of the two parties are. Looking at the evidence from that view, the plaintiff contends, as I understand it, that he was coming down the East River Drive. How fast he was going he does not tell us, and although it is a matter entirely for you, it seems to me that the speed of the respective cars in this case has very little to do, if anything, with the causes of the accident. The causes of the accident arise from other factors, it seems to me, than mere speed. So, in that view, it is not very important how fast he was coming, but at all events he passed a guard house and the guard at the guard house heard a noise and looked out and ran out. He started to go out because he feared something was wrong because of the noise he heard......''

. . . . . . . . . . .

''[Counsel for defense] I would like your Honor to give me an exception to so much of your charge as eliminates or minimized the question of speed.

''The Court: Of course what I said upon the subject of speed does not control you. I was analyzing the evidence telling you what I thought the significance of speed in the case was. If you think it is important you will bear it in mind and give it such weight as you think it deserves.''

The question now is, was it an abuse of discretion to say that? The majority of the court decide that it was; I think it was not, if prior decisions are to be followed. A comparison of the case with those in which it was held that there was no abuse of discretion, and also with those in which it was held that the court exceeded the limit of propriety, will show conclusively that the majority is giving a more restricted application to the rule than has heretofore been given by either appellate court.

In Katzenberg v. Oberndorf, 70 Pa. Superior Ct.

567, 569, we said: "It is largely within the discretion of the trial judge as to how much detail shall be entered into, how minute the reference to the testimony shall be, and how extended the discussion: Fowler v. Smith, 153 Pa. 639. A trial judge in his charge may make comments on the testimony provided he leave the jury free to decide the case on the evidence: Lappe v. Gfeller, 211 Pa. 462; Bernstein v. Walsh, 32 Pa. Superior Ct. 392."

In Com. v. Bloom, 89 Pa. Superior Ct. 308, (allocatur refused 89 Ib. xxv) we said: "Under all the circumstances disclosed by this record we are not convinced that the learned trial judge committed any error in his charge. It is true that he plainly and forcefully expressed his opinion with respect to the evidence introduced by the defendant, but it is equally true that he left to the jury the final disposition of the whole case. It is well settled in this Commonwealth that a judge may express his opinion regarding the evidence and in some cases it may be his duty so to do, but this should be so done as not to withdraw the evidence from the consideration and decision of the jury: Commonwealth v. Havrilla, 38 Pa. Superior Ct. 292, 297; Commonwealth v. Bloom, supra, [88 Pa. Superior Ct. 93]. The contention that the effect of the charge as a whole was to give binding instructions to convict is not borne out by careful reading and consideration of the charge. Indeed, as above indicated, the trial judge would have been justified in charging that the statement of the defendant that he had retained possession of the liquor 'for rubbing purposes' did not amount to a valid defense to the charge contained in the indictment." In the case in which that was said, the trial judge had stated in the course of his charge (see pp. 313 to 315) after reciting the contentions of the defendant, "To the court, this seems plainly unbelievable. However, I say to you that you are not

controlled by my opinion of the evidence and it is not my purpose by the expression of my opinion of the evidence to withdraw the evidence from your consideration and decision......"

In Com. v. Gross, 89 Pa. Superior Ct. 387, (allocatur refused 89 Ib. xxv) the trial judge said, (and we affirmed) "I say to you frankly, members of the jury, that in the light of all the testimony in this case it seems to us that you ought to have no difficulty in arriving at a verdict of guilty on both counts of the indictment" (quoted in the dissenting opinion p. 393); on p. 390, we quoted from the charge as follows: "I am endeavoring to give it [testimony] to you as I recall it, but it is your duty to take that testimony as you heard the witnesses give it. You will have to determine where the truth of the testimony lies." At the conclusion of the charge the court said: "I say further to you that, while I have a right to express to you my opinion, I want you to understand and to feel that you are entirely free to determine the guilt or innocence of this defendant, and it is your duty, after giving all the evidence in the case careful and dispassionate consideration, to decide. You are not bound in any way by the opinion of the court; you are entirely free to decide, and it is your duty to render a true verdict according to the evidence in the case." See also Com. v. Johnson, 89 Pa. Superior Ct. 439, 447.

In the case of a defendant convicted of murder of the first degree Com. v. Cunningham, 232 Pa. 609, the court held that there was no abuse of discretion in saying to the jury: " 'I do not believe there is anything in the case that would justify you in saying that the evidence warranted the defendant in killing McDevitt in self-defense. There was no weapon in sight, and I do not think the evidence would justify you in saying that he should be acquitted on the ground that he killed in self-defense. The same thing applies to man-

slaughter. But you are not bound by my opinion. I do not think the evidence warrants a verdict of manslaughter.' In immediate connection with these statements it was said: 'I do not bind you by my opinion. If you believe the evidence justified a killing in self-defense, you have a right to say so; you are not bound by my opinion on that point or upon any other point in the case......if you believe the evidence does justify it, in accordance with the law as I have given it to you, you are warranted in finding him guilty of manslaughter, notwithstanding my opinion.' "

In Price v. Hamscher, 174 Pa. 73, 78, it was said: "The effect of the instruction complained of was doubtless prejudicial to the plaintiff. Did it do him an injustice by withdrawing from the jury a disputed question of fact or by presenting a conclusion not fairly warranted? While a judge may not decide a disputed question of fact when the averments of the parties in its support or denial are sustained by reasonable proof, he may express his opinion respecting the evidence; and at times it is his duty to do so: Repsher v. Wattson, 17 Pa. 365; Kilpatrick v. Commonwealth, 31 Pa. 198; Leibig v. Steiner, 94 Pa. 466; Didier v. Pennsylvania Co., 146 Pa. 582; Heydrick v. Hutchinson, 165 Pa. 208. In Leibig v. Steiner, supra, it was said citing Bitner v. Bitner, 65 Pa. 347, 'Very strong expression of opinion on the facts are tolerated, indeed sometime may be necessary. Even entire accuracy in the statement of facts may not be obtained, yet, if the case is left fully and clearly to the jury, under instructions not calculated to mislead, there is no fatal error.' "

In the light of those decisions, I can see no abuse of discretion in the exercise of power of the trial judge now complained of. What he said, as appears by the first quotation from his charge, was stated while narrating the respective contentions of the parties,—while "analyzing the evidence," as he said. He expressly

disavowed usurping the power of the jury; it "does not control you......if you think it is important you will bear it in mind and give it such weight as you think it deserves." The jury was certainly instructed that what the court said in analyzing the testimony was not controlling, and that the jury could make such inferences of fact from the evidence as it thought right. What else should have been said? Wherein lies the abuse of discretion? When we come to the consideration of decisions in which it was held that there was abuse of discretion in other cases, we discover how much the rule formerly applied is now restricted for the future by the opinion of the majority.

In Burke v. Maxwell, 81 Pa. 139, it was deemed an abuse of discretion to instruct the jury that the court had considered it "important to present views which, were I in the jury-box, would control me in giving my verdict against the plaintiff;" in Curtin v. Somerset, 140 Pa. 70, the court said there was such intemperate characterization of conduct described in the evidence as amounted to a finding of fact; in Cridland v. Crow, 221 Pa. 618, the abuse of discretion was in the instructions permitting the inference of the ultimate fact in issue from an hysterical outbreak of plaintiff during the trial; in Monier v. P. R. T. Co., 227 Pa. 273, it lay in "epithets applied by the court to the defendant's conductor [which] painted him as a degenerate for whose punishment the law scarcely made adequate provision......;" in Spitzel v. Hunt, 39 Pa. Superior Ct. 631 (a suit against an indorser), the court below "unwittingly stepped over the line in making the liability of the defendant [in the instructions to the jury] depend upon the question of whether his defense was a technical one or not......;" in Shipp v. Schmitt, 71 Pa. Superior Ct. 496, we reversed because the court instructed the jury: "In our opinion under the law and under the facts the plaintiff is entitled to a judg-

ment, but I leave the matter entirely for your consideration......" In each of those cases the abuse of discretion is obvious, clear and manifest; in the case at bar, it certainly is not.

In my humble judgment the second assignment should have been overruled. Judge CUNNINGHAM, concurs in this opinion.