## Nicholson *versus* The Commonwealth.

1. Where an information was for seduction under promise of marriage, it is not improper to include in the indictment therefor a count for fornication and bastardy.

2. In an indictment for a criminal offence the court charged the jury, "the only safe course for you to pursue, as to the law regarding offences· which you may have given you in charge, is to receive your instructions from the court, for the reason you are not supposed to be learned in the law, and if you should commit an error therein, or counsel should be mistaken in stating the law to you, and you, relying upon their version or your own ideas, in either case should you commit an error, there is no remedy." *Held*, that this was not error. The court had an undoubted right to instruct the jury as to the law, and to warn them, as they did, against finding contrary to it.

October 21st 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Quarter Sessions, of *Venango county:* Of October and November Term 1879, No. 306.

Indictment of William Nicholson, for the seduction of Hessie Thorn, under the provisions of the 41st section of the Act of March 31st 1860, Pamph. L. 385, and for fornication and bastardy under the 37th section of said act.

The defendant moved to quash the second and third counts of

[Nicholson *v.* Commonwealth.]

the indictment on the grounds—First, that the charge of fornication is included in the count charging seduction. Second, that no information has heretofore been made charging the defendant with fornication and bastardy, nor was said charge made or indictment of fornication and bastardy found upon the return of a constable; and that said count charging fornication and bastardy was unauthorized by law.

The court refused this motion. The defendant pleaded "Not guilty." At the trial the Commonwealth offered a letter from the defendant to Hessie Thorn, to show the relation which existed between them. Admitted under objection.

In the final charge the court, Taylor, P. J., inter alia, said:

"The only safe course for you to pursue, so far as the law regarding offences which you may have given you in charge, is to receive your instructions from the court, for the reason you are not supposed to be learned in the law; and if you should commit an error therein, or counsel should be mistaken in stating the law to you, and you relying on their version, or your own ideas, in either case should you commit an error, there is no remedy for such error."

The jury found the defendant guilty on all the counts, and after sentence he took this writ and alleged that the court erred, inter alia, in refusing to quash the count for fornication and bastardy; in admitting in evidence the letter from defendant, and in the portion of the charge noted above.

*Mackey & McGough, Osmer & Dale,* and *Dodd & Lee,* for plaintiff in error.—The information charges an offence under the 56th section of the penal code, to wit: seduction under promise of marriage. This is a distinct statutory offence, and under an indictment therefor the minor offence of fornication is, of course, included, and the jury might convict therefor. But the offence of fornication and bastardy is not included; this is a distinct substantive offence, made so by a separate and independent statute, to wit, the 52d section of the penal code: 1 Purd. Dig. 325. The latter offence partakes, essentially, of the character of civil process: 2 Whart. Am. Cr. L., 7th ed., sect. 2667; Duncan *v.* Commonwealth, 4 S. & R. 448; Updegraff *v.* Commonwealth, 6 Id. 9.

It has been the uniform practice in Pennsylvania for years to require prosecutions to be instituted either upon information made before a committing magistrate, by return of constable, upon motion of the district attorney, or upon personal knowledge of the grand jury: McCullough *v.* Commonwealth, 17 P. F. Smith 30; Rowand *v.* Commonwealth, 1 Norris 405; Commonwealth *v.* Maloy, 7 P. F. Smith 298. Neither of the above requirements were complied with as to the second and third counts of the indictment herein. The defendant was in fact tried as well for fornication

and bastardy as for seduction. The court could scarcely have been more emphatic in their instructions to the jury—not only to disregard any comments upon the law made by defendant's counsel, as well as any opinion of their own—than were their binding instructions assigned for error.

The jury are the judges of the law as well as of the facts. The power of the jury to judge of the law in criminal cases is one of the most valuable securities guaranteed by the bill of rights: SHARSWOOD, C. J., in Kane *v.* Commonwealth, 8 Norris 522. This case is deemed conclusive on this point.

*W. C. Rheem* and *C. Heydrick*, for defendant in error.—It is usual to add counts for fornication and bastardy in indictments for seduction. This was done in Commonwealth *v.* McCarty, the first reported case under the seduction law of 1843. In that case the defendant was acquitted of the charge of seduction and found guilty upon the count charging fornication and bastardy. Lewis's United States Criminal Law, pages 51 to 53. See also Wharton's Criminal Law, sect. 423; Duncan *v.* Commonwealth, 4 S. & R. 451; Dinkey *v.* Commonwealth, 5 Harris 126; Commonwealth *v.* Birdsall, 19 P. F. Smith 484; Harman *v.* Commonwealth, 12 S. & R. 69; Henwood *v.* Commonwealth, 2 P. F. Smith 424, and Stevick *v.* Commonwealth, 28 Id. 463, as to joinder of different offences.

The portion of the charge assigned for error indicates to the jury that they may pursue one of three methods in their endeavor to ascertain what the law is. They are not restricted to any one of these methods by binding instructions, but what in the opinion of the court is the " safe course" is pointed out to them. 1. They may take the law from the court; or 2. They may take it from the counsel ; or 3. They may rely upon their " own ideas." The first course is recommended as " the only safe" one, and a very good reason given therefor, viz. : that if they should err in that choice, there is a remedy for such error. All this leaves the jury the judges of what the law is.

The judgment of the Supreme Court was entered November 10th 1879,

PER CURIAM.—There was nothing wrong in adding the counts for fornication and bastardy to the count for seduction. They are offences of the same nature. If the Commonwealth had failed to prove the promise of marriage, the defendant might have been convicted on the other counts. A party indicted for seduction and acquitted may plead such acquittal in bar of a subsequent indictment for fornication and bastardy, founded on the same act. Dinkey *v.* Commonwealth, 5 Harris 126. The third, fourth and fifth errors are not assigned *secundum regulas,* and there were no ex-

ceptions below to the rulings of offers of evidence complained of, except to the letter of November 22d 1875, which was clearly admissible to show the previous relation between the parties. The other assignments of error to the rulings of the court below on questions of evidence, are not sustained by bills of exception, and must fall for that reason; but if they had been they would not have availed the plaintiff in error. As to the exceptions to the charge, we think there was nothing in it of which the plaintiff can rightfully complain.

The court had an undoubted right to instruct the jury as to the law and to warn them, as they did, against finding contrary to it. This is very different from telling them that they must find the defendant guilty, which is what is meant by a binding instruction in criminal cases.                    Judgment affirmed.