# Commonwealth *v.* Church.

*Practice,  C. .P.—Trial—Remarks of commonwealth's  counsel—Criminal law.*

An assignment of error to the action of the trial court in overruling exceptions to remarks made by the commonwealth's counsel to the jury, will not be considered by the appellate court, where it appears that the trial judge in sealing the bill of exceptions refused to certify to the correctness of the statement of the language alleged to have been used by counsel.

*Jury—Challenge—Appeal.*

In disposing of a challenge for cause because of an opinion formed by the juror, great weight is to be attached to the finding of the trial judge, and nothing short of palpable error in such finding will justify a reversal.

*Criminal law—Burglary—Larceny—Pleading.*

A joinder of a count for burglary with one for larceny, both offenses arising out of the same transaction, is justified by all the precedents both ancient and modern.

If there is one count in an indictment which will sustain the sentence, it cannot be reversed.

Argued March 12, 1901. Appeal, No. 37, Jan. T., 1901, by defendants, from judgment of O. & T. Susquehanna Co.,

April T., 1900, No. 5, on verdict of guilty in case of Commonwealth v. William Church and Frederick Burdick.    Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Indictment for burglary and larceny.

At the trial when George Townsend, a juror, was being examined, he was asked this question:

"Q. The discussion you heard was unfriendly and adverse to these defendants, I suppose?    A. Well, naturally it would be. Q. Would it take some evidence to remove the opinion that you entertain in reference to them, as to their guilt or innocence?    A. Well, I should—it would have to be rather clear. Q. It would take a pretty clear case?    A. Yes, sir, from what I have heard.    Q. You think it would take a pretty clear case before you would render a verdict of not guilty?    A. Well, yes.    Q. Then if you were a juror in the box considering the evidence, it would take something more than a mere reasonable doubt before you would agree to render a verdict of not guilty, would it?    A. I think so."

Mr. Safford: We challenge the juror for cause.

The Court: "Q. Could you go into the jury box and listen to the evidence given from the witness stand and could you render a verdict in accordance with the evidence and the charge of the court, under the directions of the court irrespective of any opinion that you have formed or anything you have heard in relation to the case?    A. I think I could."

Defendant's challenge overruled.    Bill sealed. [4]

Appellant alleged that A. H. McCollum, one of the counsel for the commonwealth, made the following remarks to the jury:

"I had occasion to say in the trial of the other case, and I now repeat it, that if this old man had been able to resist the attack upon him, these defendants would be answering a different crime here, and they have reason to thank God that the old man could not resist their attack.

"That in my judgment these criminals concocted this scheme in the jail and but for the results of the case of Shew and Egan, they would now be paying the penalty of a like crime.

"This fellow from Albany penitentiary right out of the jail here who is indicted in this court for stealing.

. " This wife has probably been in the court room time and time again in defense of her husband.

The Huntingdon Reformatory is described before the jury, and are told ' that the judge may send him (Burdick) there on his good behavior and just as soon as his good behavior warrants it, he will be released.' "

But as to the man, Church, your duty is to render a verdict of guilty and leave it to the judge to impose such a sentence as he shall deem right."

" SUSQUEHANNA COUNTY, ss.

" Edson W. Safford being duly sworn says, That the foregoing statements of A. H. McCollum were made by him in summing up the case of Commonwealth vs. Wm. Church and Frederick Burdick in place of the district attorney and for the commonwealth; that said statements were written by deponent at the time they were uttered, and are correctly written as deponent heard them, and as fully and complete as he was able to write them, although said statements do not contain all that the counsel said upon said argument. That at the beginning of said statements deponent as counsel for defendants objected to said statements, which objection was overruled.

" Deponent further states that said statements were greatly prejudicial to the rights of defendants, and tended to prejudice the minds of the jury as to their verdict.

" Deponent asks leave to file this affidavit as an additional exception to said statements and tenders said affidavit as a bill of exceptions, thereto.

" EDSON W. SAFFORD.

" Sworn to and subscribed before me this 14th day of April, A. D. 1900.

" H. F. MANZER, Prot."

The Court: At the trial of this case, counsel for defendants objected to some remarks made to the jury by attorney for commonwealth which objections were overruled. The within affidavit purports to set forth the language used, and requests the trial judge to seal a bill of exceptions to the allowance of the same. I decline to certify to the correctness of the statements of language used by counsel as the objections were made after the counsel had made the alleged objectionable statements; but

allow the defendants to except to the ruling and at his request, seal a bill. [11]

Verdict of guilty on which judgment of sentence passed.

*Errors assigned,* amongst others were (1) in not quashing the indictment. (4) In overruling challenge to jurors. (11) In overruling objection to remarks of counsel. (17) In passing sentence upon defendants.

*Edson W. Safford,* for appellants.—The joinder of different counts is subject to the exception of defenses repugnant in their nature and legal incidents, and where the trial and judgment would be so incongruous as to tend to deprive the defendant of some legal advantage : Stevick v. Com., 78 Pa. 460.

Where the opinion of a juror has been formed upon the evidence given in a former trial, or has been so deliberately formed as to become a fixed belief in the prisoner's guilt, he should be excluded : Staup v. Com., 74 Pa. 458 ; Allison v. Com., 99 Pa. 31.

*Ralph B. Little,* district atttorney, with him *A. H. McCollum,* for appellee.—Where one count in an indictment is sufficient to sustain the sentence, it cannot be reversed : Commonwealth v. Stahl & Walters, 1 Pa. Superior Ct. 496 ; Commonwealth v. Birdsall, 69 Pa. 482 ; Harman v. Commonwealth, 12 S. & R. 69 ; Johnston v. Com., 85 Pa. 54 ; Henwood & Arney v. Com., 52 Pa. 424 ; Hazen v. Com., 23 Pa. 355 ; Com. v. Crossmire, 156 Pa. 304 ; Com. v. Van Horn, 188 Pa. 143 ; O'Mara v. Com., 75 Pa. 424.

The selection of jurors in oyer and terminer cases rests largely within the sound judgment and discretion of the trial judge : Commonwealth v. Crossmire, 156 Pa. 304 ; Commonwealth v. Roddy, 184 Pa. 274 ; Ortwein v. Commonwealth, 76 Pa. 414 ; Clark v. Commonwealth, 123 Pa. 555.

Alleged improper remarks made in addressing a jury are not assignable as reasons for a new trial, but if objection is made at proper time before a verdict and exception taken to ruling of the court, are subject of error in an appeal : Holden v. Penna. R. R. Co., 169 Pa. 1 ; Commonwealth v. Windish, 176 Pa. 167 ; Commonwealth v. Weber, 167 Pa. 153 ; Alexander v. Commonwealth, 105 Pa. 1 ; Commonwealth v. Hanlon, 8 Phila. 423.

OPINION BY RICE, P. J., April 16, 1901:

All the elements of a burglary and a larceny were proved by uncontradicted testimony. We do not see how a jury could have had any reasonable doubt upon that question. Therefore in submitting it to the jury (see twelfth assignment), it was perfectly proper for the court to add that there was no dispute in the evidence concerning it. This amounted to no more than saying that if they believed the evidence the commission of the crimes was established. Nothing was said to bind the jury or to preclude them from deciding the question for themselves on the evidence. Numerous cases might be cited in which much stronger expressions of opinion upon the facts have been held not cause for reversal. See 2 P. & L. Dig. of Dec. 2668; 4 P. & L. Dig. of Dec. 5989. As the learned judge correctly said, the principal question in the case arising upon the evidence was as to the identity of the perpetrators, and this was submitted in a clear, adequate and impartial manner, of which these defendants have no just reason to complain. Nor was there any error in the rulings upon the admission of evidence. The circumstances alluded to in the several assignments of error were corroborative of the positive testimony of the prosecutor that the defendants were the perpetrators of the crime, and for that purpose were admissible in evidence, although not sufficient either separately or together to convict them.

The ruling complained of in the eleventh assignment of error, which was the overruling of the objections of the defendants' counsel to remarks made by the commonwealth's counsel in his closing argument to the jury, was not excepted to at the trial. It may be questioned whether these remarks could be brought on the record by an exception taken after the trial was over. Be that as it may, the assignment must be overruled, because, if for no other reason, the trial judge in subsequently sealing the bill of exceptions refused to certify to the correctness of the statement of the language alleged to have been used by counsel. Therefore, the remarks complained of are not properly on the record.

The disposition of a challenge for such cause as is alleged in the fourth assignment of error depends on the finding of a fact, and in passing upon such finding here we must consider the answers of the juror as a whole, and remember that the ex-

amination was in the presence and under the supervision of the court below, and that it had better opportunity to discover the nature and character of the opinion held by the juror than is afforded this court on review. Hence it is held that in reviewing the trial court, great weight is to be attached to its finding, and that " nothing short of palpable error in it will justify a reversal." This is the doctrine of all the later cases. Applying these principles to the ruling of the learned judge in the present case, we may properly adopt as our conclusion the language of Mr. Justice WILLIAMS in Commonwealth v. Roddy, 184 Pa. 274, 287 : " He believed the juror to be capable of divesting his mind of opinions resting on imperfect knowledge of the facts, and judging impartially upon all the evidence that should come before him. We cannot say that he was not justified in reaching this conclusion." Therefore, this assignment is overruled.

The joinder of a count for burglary with one for larceny, both offenses arising out of the same transaction, did not deprive the defendants of any legal advantage, and was justified by all the precedents both ancient and modern. The proposition, seriously pressed upon the argument, that if upon such indictment the jury found the defendants guilty of larceny, they could not convict them of burglary, is novel, and needs no discussion. They could be guilty of both offenses, and the jury upon sufficient evidence found that they were guilty of both. The count for burglary was sufficient to sustain the sentence, and it is well settled that if there is one count in the indictment which will sustain the sentence it cannot be reversed: Commonwealth v. Bradley, 16 Pa. Superior Ct.　　, and cases there cited. This is all that need be said regarding the first and seventeenth assignments ; but we are not to be understood as implying that there is any defect in either the second or the third count.

All the assignments of error are overruled and the judgment is affirmed.