# Commonwealth *v.* Havrilla, Appellant.

*Constitutional law—Public officers—Special district attorney—Act of May 2, 1905, P. L.* 351.

1. The Act of May 2, 1905, P. L. 351, authorizing the attorney general to appoint a special district attorney under certain circumstances is not unconstitutional as depriving the district attorney, an elective constitutional officer, of his power. While the legislature may not abolish the office of district attorney, it may regulate the method of its administration.

*Election law—Neglect to deliver returns to prothonotary—Indictment—Surplusage—Acts of July 2, 1839, P. L.* 519, *January* 30, 1874, *P. L.* 31, *and June* 10, 1893, *P. L.* 419—*Criminal law—Binding instructions.*

2. Where an election officer is charged with willful fraud in not delivering election returns to the prothonotary, and the jury finds him guilty of neglect of duty in not delivering the said returns, the words "willful fraud," which are appropriate to an indictment under the Act of July 2, 1839, P. L. 519, may be stricken out as surplusage, and the indictment will then stand good under the Act of January 30, 1874, P. L. 31.

3. All unnecessary words in an indictment may be rejected as surplusage if the indictment will be good after they are stricken out.

4. On the trial of an indictment against an election officer for neglect to deliver election returns to the prothonotary, it is reversible error for the court to give binding instructions to the jury to convict the prisoner.

5. In such a case the court may instruct the jury that the evidence is not sufficient to warrant a conviction and may set aside a verdict found in opposition to such instruction, but cannot direct a verdict of guilty, because the defendant cannot be found guilty but on the judgment of his peers. The question of guilt often involves an intermingling of law and fact, and the whole case is given to the jury. The trial of such a case is by a jury of the country, not by the court. The burden of proof does not shift in a criminal case; the jury must be satisfied beyond reasonable doubt of the guilt of the accused before a conviction can be lawfully had, and it makes no difference how convincing to the court the evidence of witnesses may be the credibility of the evidence is for the jury.

Argued Oct. 19, 1908.   Appeal, No. 18, March T., 1908, by defendant, from judgment of Q. S. Luzerne Co., Jan. T., 1907, No. 89, on verdict of guilty in case of Commonwealth v. John Havrilla.   Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ.   Reversed.

Indictment for not delivering election returns to the prothonotary.   Before Staples, P. J.

The opinion of the Superior Court states the case.

*Errors assigned* were (1) in refusing to quash the indictment; (4) in giving binding instructions to convict.

*John M. Garman,* with him *B. R. Jones, Frank A. McGuigan* and *James H. Shea,* for appellant.—The Act of May 2, 1905, P. L. 351, is unconstitutional in that it deprives the district attorney, an elective officer, of his power, without due process of the law: Houseman v. Com., 100 Pa. 222; Com. v. Gamble, 62 Pa. 343; Lloyd v. Smith, 176 Pa. 213.

The court erred in directing the jury to find the defendant guilty: Com. v. Magee, 10 Phila. 201; Kilpatrick v. Com., 31 Pa. 198; Johnston v. Com., 85 Pa. 54; Nicholson v. Com., 91

Pa. 390; Kane v. Com., 89 Pa. 522; McClain v. Com., 110 Pa. 263; Com. v. Orr, 138 Pa. 276; Com. v. McManus, 143 Pa. 64; Com. v. Goldberg, 4 Pa. Superior Ct. 142; Com. v. Warner, 13 Pa. Superior Ct. 461.

The court erred in directing a verdict of guilty of an offense not charged in the indictment: Brooks v. Ry. Co., 158 Ind. 62 (62 N. E. Repr. 694); Com. v. Gable, 7 S. & R. 423.

*John H. Williams*, with him *John McGahren*, for appellee.— The offense was sufficiently charged: Respublica v. Roberts, 1 Yeates, 6; Dinkey v. Com., 17 Pa. 126; Hunter v. Com., 79 Pa. 503; Gorman v. Com. 124 Pa. 536; Com. v. Parker, 146 Pa. 343.

Binding instructions were proper: Com. v. Anthes, 71 Mass. 185; Com. v. McManus, 143 Pa. 64; Com. v. Goldberg, 4 Pa. Superior Ct. 142; Tadrick's App., 1 Pa. Superior Ct. 555; Com. v. Gamble, 36 Pa. Superior Ct. 146.

The Act of May 2, 1905, P. L. 351, is constitutional: Com. v. McCombs, 56 Pa. 436; Com. v. McHale, 97 Pa. 397.

Opinion by Henderson, J., February 26, 1909:

The first complaint presented in the appeal is that the court erred in not quashing the indictment. We do not find in the record any motion to quash in this case. It is said, however, in the argument of the appellant's counsel, that a motion was made in another case involving the same question, which motion was to apply in all the cases growing out of the particular election; but no agreement to that effect is exhibited in the record, and the first assignment of error might well be dismissed for that reason. As no objection is made, however, by the counsel for the commonwealth on that ground we may assume that they had the same understanding which the appellant's counsel had with reference to the alleged agreement. The specific objection against the indictment was that it was signed by John McGahren, Esq., special district attorney, appointed by the attorney general under the Act of May 2, 1905, P. L. 351, and that this act is unconstitutional. Under the provisions of this statute the president judge of any district in which any criminal proceeding in the court of oyer and terminer or quarter sessions

is pending may apply in writing to the attorney general, setting forth that in his judgment the case is a proper one for the intervention of that officer; whereupon, the attorney general is empowered to retain and employ such attorney or attorneys as he may deem necessary to properly represent the commonwealth in the proceeding and to prosecute any offenders or alleged offenders against the law. Any attorney so employed is authorized by the act to supersede the district attorney of the county where the case has arisen and to prepare and bring the same to trial. As preliminary to the discharge of his duty he is required to take the oath of office taken by district attorneys and is clothed with all the powers and is subject to all the liabilities imposed upon district attorneys by law. It is claimed that as the district attorney is a constitutional officer this act deprives him of his power. The argument presents the distinction between elected and appointed officers and contends that elective officers can only be removed by the governor for reasonable cause after due notice and full hearing on the address of two-thirds of the senate, and that because the district attorney is recognized in the constitution as a county officer his duties may not be controlled by the legislature. This view of the case overlooks the fact, however, that the constitution does not prescribe the duties of the district attorney. The legislature may not abolish the office, but it may regulate the method of its administration. Cases may arise where by reason of personal interest or relationship or other sufficient consideration it would be highly improper for the district attorney to act. This has been taken notice of by the legislature and provision made for conducting the prosecution in such cases. This does not violate any right of the district attorney, nor impinge against any provision of the constitution. Such was the decision in Commonwealth v. McHale, 97 Pa. 397.

It is further objected that the court erred in instructing the jury that they might return a verdict of guilty of neglect of duty in not delivering to the prothonotary of the court of common pleas of Luzerne county the election return of the district in which the defendant was the judge of elections. The indictment contained thirteen counts, on all of which, under the in-

struction of the court, the defendant was acquitted; but the jury was instructed that the defendant might be convicted of neglect of duty. The seventh count in the indictment charged the defendant with willful fraud in the discharge of his duty as judge of election, in that he did not deliver the election returns to the prothonotary of the court of common pleas of the county, but did deliver them to a certain person, to the grand jurors unknown, who was not the prothonotary of the county, nor a person authorized and empowered by law to receive or take into his possession the said returns. The one hundred and second section of the Act of July 2, 1839, P. L. 519, provides that if any inspector, judge or clerk of elections shall be convicted of any willful fraud in the discharge of his duties he shall undergo imprisonment, etc. It was apparently under this section that the indictment was drawn. The facts, however, as construed by the court, brought the defendant under the prohibition of the thirty-third section of the Act of June 10, 1893, P. L. 419, which declares that any public officer upon whom a duty is imposed by this act who shall negligently or willfully fail to perform such duty, or who shall negligently or willfully perform it in such a way as to hinder the object of this act, or who shall negligently or willfully violate any of the provisions thereof, shall be guilty of a misdemeanor. The twenty-eighth section of the same statute directs that: "A full return shall be made in the manner now provided by law of all votes cast," etc. The manner of making the return to which the clause just quoted has reference is provided for in the thirteenth section of the Act of January 30, 1874, P. L. 31, whereby it is made the duty of judges of election to deliver the returns of the election to the prothonotary of the court of common pleas of the county within the time therein stated. The nineteenth section of the latter act imposes a penalty of $100 upon any election officer who shall, without reasonable or legal cause, neglect or refuse to perform any duty enjoined by the act. The act of 1839 did not require the judge of elections to deliver the returns to the prothonotary, and the offense charged against the defendant was not punishable under that act. It is charged in the seventh count of the indictment that the defendant did not deliver the

returns to the prothonotary and this, we think, is a good count under the act of 1874. It is a well-established rule of criminal pleading that all unnecessary words may be rejected as surplusage if the indictment would be good after they are stricken out: 1 Bishop's Cr. Law, sec. 819; Wharton's Cr. Evidence (9th ed.), sec. 138; 2 Russell on Crimes, 746; Jillard v. Com., 26 Pa. 169. The averment that the defendant was guilty of willful fraud may be discharged from the count without destroying it, for a distinct offense, to wit, the neglect of the defendant to make the return to the prothonotary as required by the act of 1874, is sufficiently set forth. The words rejected are words of aggravation and in no way essential to the integrity of the count. The conviction was, therefore, in fact, of an offense contained in the seventh count.

The second, third and fourth assignments apply to the direction of the court to find the defendant guilty. The language excepted to is at the conclusion of the charge and is in the form of a binding direction to the jury to render a verdict of neglect of duty in not delivering to the prothonotary the sealed envelope containing the returns. In so charging the jury the learned judge exceeded the discretion allowed a trial judge in expressing an opinion on the merits of the case. It is well settled in this commonwealth that a judge may express his opinion regarding the evidence, and in some cases it may be his duty so to do, but this should be so done as not to withdraw the evidence from the consideration and decision of the jury; but there is a substantial agreement in the cases that it is error to give binding instruction to the jury to convict. Even where the case turns on a question of law the province of the court is to advise the jury what the law is, leaving to that body the disposal of the whole case. It is the duty of the jury to decide the case according to the law and the evidence, and they should take the court's statement of the law as the best evidence of what the law is, but a conviction or acquittal must be by the jury. The law was plainly stated by Mr. Justice HARLAN in the opinion of the court in Sparf & Hansen v. United States, 156 U. S. 51. It was there held that with few exceptions the rules which obtain in civil cases in relation to the authority of the court to instruct the jury upon all mat-

ters of law arising upon the issues to be tried are applicable in the trial of criminal cases. The most important of those exceptions is that it is not competent for the court in a criminal case to instruct the jury peremptorily to find the accused guilty of the offense charged or of any criminal offense less than that charged. To the same effect is United States v. Taylor, 3 Mc-Crary, 500. Many cases in this state deny to the court authority to direct a verdict of guilty in a criminal case: Kilpatrick v. Com., 31 Pa. 198; Johnston v. Com., 85 Pa. 54; Kane v. Com., 89 Pa. 522; Nicholson v. Com., 91 Pa. 390; McClain v. Com., 110 Pa. 263; Com. v. Orr, 138 Pa. 276; Com. v. McManus, 143 Pa. 64; Com. v. Church, 17 Pa. Superior Ct. 39; Com. v. Stanley, 19 Pa. Superior Ct. 58; Com. v. Gamble, 36 Pa. Superior Ct. 146.

The court may instruct the jury that the evidence is not sufficient to warrant a conviction and may set aside a verdict found in opposition to such instruction, but cannot direct a verdict of guilty, because the defendant cannot be found guilty but on the judgment of his peers. The question of guilt often involves an intermingling of law and fact, and the whole case is given to the jury. The trial of such a case is by a jury of the country, not by the court. The burden of proof does not shift in a criminal case; the jury must be satisfied beyond reasonable doubt of the guilt of the accused before a conviction can be lawfully had, and it makes no difference how convincing to the court the evidence of witnesses may be, the credibility of the evidence is for the jury. Questions of fact were involved in the charge against the defendant, one of which was whether he delivered the returns to the prothonotary or to some person authorized by law to receive them; and upon these questions he had a right to the judgment of the jury uncontrolled by the binding direction of the court. The second, third and fourth assignments are sustained.

The judgment is reversed and a new venire awarded.