# Commonwealth *v.* Bloom, Appellant.

*Criminal law—Intoxicating liquor—Unlawful possession—Former conviction—Possession of liquor at time of former conviction—Directed verdict—Act of May 27, 1923, P. L. 34.*

In the trial of an indictment for the unlawful possession of intoxicating liquors, contrary to the Act of May 27, 1923, P. L. 34, the defendant entered pleas of former conviction and not guilty. The evidence disclosed that the defendant, two years previous to the trial, had been indicted and sentence for unlawfully transporting and

possessing intoxicating liquors, and that the defendant was then in possession of the liquor referred to in the present indictment.

Under such circumstances the Court properly directed a verdict in favor of the Commonwealth on the plea of former conviction.

When there is no dispute as to the facts, the Court determines, as of law, whether or not there has been a previous conviction or acquittal.

Even if the defendant, at the time of his former conviction, had been in possession of the liquor involved in the present case, his conviction upon the first indictment did not render his possession of that liquor lawful; that possession was unlawful ever since his former conviction.

*Criminal law—Trial—Directed verdict.*

It is not competent for the Court in a criminal case to instruct the jury peremptorily to find the accused guilty of the offense charged.

Argued March 8, 1926.   Appeal No. 24, October T., 1926, by defendant, from judgment of Q. S. Berks County, June Sessions, 1925, No. 89, in the case of Commonwealth of Pennsylvania v. Joseph Bloom. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Reversed.

Indictment for the unlawful possession of intoxicating liquor.   Before BIDDLE, P. J., 9th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.   Defendant appealed.

*Error assigned,* among others, was the charge of the Court.

*Otto Kraus, Jr.,* and with him *Wilson S. Rothermel, Joseph R. Dickinson,* and *Benjamin M. Golder,* for appellant.

*A. H. Rothermel,* Asst. District Attorney, and with him *David F. Mauger,* District Attorney, for appellee.

OPINION BY PORTER, P. J., May 4, 1926:

The defendant was indicted under the provisions of the Act of May 27, 1923, P. L. 34, for the unlawful possession of a quantity of intoxicating liquor for beverage purposes. He entered formal pleas of former conviction and not guilty. The trial resulted in a verdict of guilty and sentence thereon, from which judgment the defendant appeals.

The indictment charged the offense to have been committed on June 6, 1925. The Commonwealth produced evidence establishing that, on March 24, 1925, police officers, under a search warrant duly issued, made a search of the defendant's premises and there found large quantities of liquor, of assorted varieties, a large part of which was ingeniously concealed under the floor of a garage. The defendant was examined in his own behalf and testified that prior to September 15, 1923, he had been engaged in the "bootlegging" business, buying and selling intoxicating liquors for beverage purposes in violation of law; that all of the liquor which was found on his premises by the officers, on March 24, 1925, being the liquor referred to in the present indictment, had been in the possession of the defendant since prior to September, 1923; that he had, in September, 1923, been charged in an indictment with unlawfully transporting, possessing and offering for sale intoxicating liquors for beverage purposes, to which indictment he had entered a plea of guilty, upon which plea sentence had been imposed and he had served three months in jail. He testified that, in September, 1923, a couple of men came to him to make a deal, in liquor, to Lancaster County, that this liquor which they got from him was sold "over there" and this was reported to the state police and the state police got the liquor and that was why he was arrested, in 1923. He testified further that the police did not at that time search his premises and thus a large quantity of liquor

which he then had on hands escaped detection. With regard to the liquor involved in the present case he testified: "After I was arrested (in September 1923) I was afraid to do anything and I didn't do anything, and I went and put the liquor away, and when I plead guilty in the case I was convicted and sentenced, and that was lying there ever since." He admitted, however, that he had subsequently to September, 1923, removed a large quantity of the liquor from the cellar of his residence and stored it in the receptacle under the floor of the garage, subsequently built. The Commonwealth produced testimony in rebuttal showing that a part of the whisky had pasted upon the bottles labels showing that the liquor had been bottled in 1924, whereupon it was formally admitted on behalf of the defendant that some of the bottles did so show.

The court, after explaining to the jury the meaning of the pleas of former conviction and not guilty, briefly reviewed the evidence presented by the Commonwealth and the testimony on behalf of the defendant, and concluded the charge by saying: "So that you will answer the two questions in this way: First, he was never heretofore convicted of the possession of the present lot of liquor, and, Second, that he is guilty in this case in manner and form as he stands indicted. The clerk will take the verdict." The verdict was thereupon taken in accordance with this instruction and sentence was imposed. The above quoted instruction is assigned for error. The former conviction, pleaded in bar of the present prosecution, charged the unlawful possession of intoxicating liquor for beverage purposes on September 8, 1923. The indictment in the present case charged a like offense to have been committed on June 6, 1925. The plea of former conviction, or acquittal, raises the question of the identity of both the parties and the offenses, and the burden is upon the defendant to establish that identity. When

there is no dispute as to the facts, the court determines, as of law, whether or not there has been a previous conviction or acquittal: Bishop's Criminal Procedure, sect. 816; Commonwealth v. Montross, 8 Pa. Superior Ct. 237. One test of the identity of the offenses is whether the evidence necessary to support the second indictment would have been sufficient to warrant a conviction upon the first. It is manifest that the testimony necessary to secure a conviction upon an indictment charging the unlawful possession of liquor on June 6, 1925 would not have been sufficient to warrant a conviction upon an indictment which had been found by the grand jury in September 1923, upon which the defendant had entered the plea of guilty on September 15, 1923, and been duly sentenced thereon. The evidence necessary to support the present indictment would not have been admissible at the trial of the indictment found in September 1923. Even if it be a fact that the defendant was in September 1923 in possession of the liquor involved in the present case, his conviction upon the first indictment did not render his possession of that liquor lawful. That possession was unlawful ever since his former conviction. The mere fact that he had succeeded in preventing the discovery of the liquor in September 1923 and that he successfully continued to conceal that possession by removing the greater part of the liquor to a secret hiding place did not render his possession thereof lawful. The court did not err in instructing the jury to find in favor of the Commonwealth upon the plea of former conviction.

The action of the court in giving binding instructions to the jury to find the defendant guilty, presents an entirely different question. The instruction was peremptory, and the clerk was directed to take the verdict in accordance with that instruction. It is not competent for the court in a criminal case to instruct

the jury peremptorily to find the accused guilty of the offense charged or of any criminal offense less than that charged: Hanson v. United States, 156 U. S. 51; Commonwealth v. Havrilla, 38 Pa. Superior Ct. 292; Kane v. Commonwealth, 89 Pa. 522. In the case of Commonwealth v. Havrilla, supra, our brother HENDERSON, who spoke for the court in that case, so satisfactorily dealt with this question and the reasons for the existence of the rule that it is not necessary that we should attempt to add anything to what was there said. It is well settled in this Commonwealth that a judge may express his opinion regarding the evidence, and in some cases it may be his duty so to do, but this should be so done as not to withdraw the evidence from the consideration and decision of the jury; but there is a substantial agreement in the cases that it is error to give binding instructions to the jury to convict. The second assignment of error is sustained.

The judgment is reversed and a new trial awarded.