## Commonwealth *v.* Bloom, Appellant.

*Criminal law—Intoxicating liquor—Unlawful possession—Former conviction—Possession of liquor at time of former conviction—Possession for non beverage purposes—Act of March 27, 1923, P. L. 34.*

In the trial of an indictment for the unlawful possession of intoxicating liquors, it appeared that the defendant, two years previous to the trial, had been indicted and sentenced for unlawfully trans-

porting and possessing intoxicating liquors. There was evidence that the defendant, prior to his former conviction, was in possession of the liquor referred to in the present indictment. The defense was that the liquor was not possessed for beverage purposes.

Under such circumstances the possession of the liquor was unlawful and a verdict of guilty will be sustained.

Where the original possession of intoxicating liquor was unlawful, the intention of the defendant to use it for non beverage purposes is not a defense in an indictment for unlawful possession.

*Criminal law—Expression of opinion by trial judge.*

It is well settled that a judge may express his opinion regarding the evidence and in some cases it may be his duty to do so, but this should be so done as not to withdraw the evidence from the consideration of the jury.

Argued October 6, 1926.  Appeal No. 222, October T., 1926, by defendant, from judgment of Q. S. Berks County, June Sessions, 1925, No. 89, in the case of Commonwealth of Pennsylvania v. Joseph Bloom. Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.  Affirmed.

Indictment for unlawful possession of intoxicating liquor.  Before Stevens, J.

The facts are stated in the opinion of the Superior Court and in the case of Commonwealth v. Bloom, 88 Pa. Superior Ct. 93.

Verdict of guilty on which judgment of sentence was passed.  Defendant appealed.

*Error assigned,* among others, was the charge of the court.

*Otto Kraus, Jr.,* and with him *Wilson S. Rothermel, Joseph R. Dickinson, Benjamin M. Golder,* for appellant.—A court may not say defendant's testimony is unbelievable, especially where such testimony contains the entire defense: Shipp v. Schmitt & Murphy, 71 Pa. Superior Ct. 496; Price v. Hamscher, 174 Pa. 73; Leibig v. Steiner, 94 Pa. 466; Kilpatrick v. Commonwealth 31 Pa. 198; Didier v. Pennsylvania Co., 146 Pa. 582; Heydrick v. Hutchinson, 165 Pa. 208; Ditmars

v. Commonwealth, 47 Pa. 335; Burke v. Maxwell's Admin'rs, 81 Pa. 139; Blumenthal v. Green, 52 Pa. Superior Ct. 292; Spitzel v. Hunt, 39 Pa. Superior Ct. 631.

*A. H. Rothermel,* Assistant District Attorney, and with him *David F. Mauger,* District Attorney, for appellee.

OPINION BY CUNNINGHAM, J., November 17, 1926:

This is the second time this case has been before this court. The appellant was indicted in the court below upon the charge of having illegal possession of intoxicating liquor for beverage purposes. The indictment was drawn under the provisions of the Act of March 27, 1923, P. L. 34, providing inter alia: "It shall be unlawful for any person to......possess ......any intoxicating liquor for beverage purposes," etc. By the 13th Section of the Act it is provided, subject to certain specified exceptions, none of which is applicable to the facts in this case, that "In any prosecution under this Act when proof has been given in evidence of the........possession......of any intoxicating liquor, the same shall be prima facie evidence that the same was so........possessed.......for beverage purposes." On June 12, 1925, as a result of his first trial under this indictment appellant was convicted and sentenced, but the judgment was reversed by this court and a new trial awarded in an opinion by President Judge PORTER, filed May 4, 1926, Commonwealth v. Bloom, 88 Pa. Superior Ct. 93, (Advance Reports, October 7, 1926), for the reason that the learned trial judge specially presiding at that trial peremptorily instructed the jury to find the defendant guilty and directed the clerk to take the verdict in accordance with such instruction.

At the first trial the appellant, in addition to his plea of not guilty, interposed a special plea of former conviction and we held in our former opinion that the

trial judge had not erred in instructing the jury to find in favor of the Commonwealth upon the issue raised by that plea. This plea of former conviction was withdrawn at the trial with which we are now concerned. The evidence adduced at the second trial was similar to that introduced at the previous one and showed the material facts involved to be substantially as follows: Prior to September 15, 1923, appellant had been engaged in the "bootlegging" business, buying and selling intoxicating liquors for beverage purposes in violation of law, and on that date entered a plea of guilty to an indictment charging him with these offenses and was sentenced to a term of imprisonment which he served. On March 24, 1925, state police officers, under the authority of a search warrant, went to the residence of appellant at 532 Cedar St., Reading, and searched a garage in the rear thereof, in which they found a large quantity of intoxicating liquors concealed in a cellar constructed under the garage, and on the same day also found intoxicating liquors hidden in a cellar under a produce store conducted by appellant at No. 347 N. 8th Street in said city. Nearly two hundred five-gallon cans of alcohol and a number of cases, as well as loose quart bottles, of whiskey were seized, some of which bottles bore labels indicating that the contents had been bottled in 1924. The total value of the liquor seized was approximately $2500. Appellant's defense was that he did not possess the liquor for beverage purposes; that he had given up the business of "bootlegging" with his arrest in 1923; that all the liquors found by the officers on March 24, 1925, had been in his possession prior to his arrest in 1923; that since that time he neither sold nor transported any of it except that some was removed from his house on Cedar Street to the garage, which was built about the time he was discharged from jail. In reply to the inquiry why he had not destroyed the liquor he testified: "Well, I don't know why I didn't destroy it. I

thought I will let it stay in, I will use it some way or another, and I thought if I could destroy it I would have to go and ask for a permit of the Court, and I just left it in that way......I only intended to use it for non-beverage purposes.........Just for radiators for automobiles in the winter time and maybe a little for rubbing purposes, and that is about all.''

With respect to appellant's contention that he intended to use a part of the liquor for medicinal purposes, it is pertinent to observe that under the decision of this court in Commonwealth v. Berdenella, 87 Pa. Superior Ct. 594 (Advance Reports, Sept. 16, 1926), this would not be a defense, as his original possession was admittedly illegal. Ownership of the liquor was admitted by appellant, and, as stated by his counsel in their history of the case, he had only one defense, viz., ''that he did not possess the liquor for beverage purposes, to which he testified directly.'' In other words, appellant admitted that prior to his arrest in 1923 he possessed this liquor for beverage purposes but asserted that since his prosecution in 1923 his possession thereof had been lawful because it was not a possession for beverage purposes. The assignments of error, with the exception of the fifth which relates to the judgment, are all based upon alleged errors in the charge and are to the effect that the learned trial judge who presided at the second trial failed to instruct the jury that the defendant's own direct evidence would be sufficient, if believed, ''to prove a change of intent from that of a bootlegger''; that the effect of the charge as a whole ''was to give binding instructions to bring in a verdict of guilty''; and, particularly, that the trial judge erred in expressing to the jury his opinion that under all the evidence the defendant's assertion that since the previous prosecution he had changed his mind and had been holding all the liquor in question for radiator and rubbing purposes was unbelievable.

The averment contained in the third assignment to the effect that the court charged that the change of intent on the part of the defendant ''must be evidenced by subsequent acts and words and failed to state that defendant's direct evidence would be sufficient if believed'' is not supported by an inspection of the charge. In the general charge the court reviewed fully and fairly the testimony of the defendant and the corroborating testimony of his wife and two former employes, and, in addition to referring in other portions of the charge to the defendant's own statement, expressly charged at the request of appellant's counsel when the jurors returned for further instructions as follows: ''Take all the evidence in this case as you find it to be, see whether there is any evidence bearing out the contention of the defendant that he changed the purpose for which he held this liquor, not only his own testimony but any other evidence that there may be in the case.'' Counsel expressed himself as satisfied with this instruction.

The only assignment meriting discussion is the first. It relates to that portion of the charge in which the trial judge expressed his opinion of the defense interposed by appellant. After reviewing the testimony of the defendant and of his wife and employes, and after explaining that it was not incumbent upon the Commonwealth to prove affirmatively that the liquor was possessed for beverage purposes and that as the defendant set up that defense it was his duty to support it by the weight of the evidence on that point, but that the burden of satisfying the jury of the guilt of the defendant upon the whole case beyond a reasonable doubt never shifts but remains upon the shoulders of the Commonwealth throughout the case, the learned trial judge proceeded as follows: ''If you believe that this defendant, with a wife and eight children to support, retained after 1923, the possession of intoxicating liquors of the value of around $2500 for radiator and

rubbing purposes without revealing by word or act his purpose to anyone, not even to the officers who discovered it at the time of his arrest in 1925, or if the testimony in his behalf raises in your minds the honest, reasonable doubt heretofore defined to you, then you should acquit him. If, on the other hand, the testimony in this case satisfies you beyond a reasonable doubt of his guilt, you should not hesitate to convict him. Doubtless it will occur to you that if a man one day possesses liquor for an unlawful purpose, and then when arrested the next day says that, while his original possession was unlawful, yet he suddenly changed his mind or changed his mind after he was arrested and thereafter retained the liquor for a lawful purpose and not an unlawful purpose, it would be extremely difficult to convict any man of the offense of unlawful possession. Now, is testimony of that sort believable? What is there to show that the defendant had a change of heart? What is in a man's mind of course, can only be found from his words or acts. What acts are there showing an innocent purpose in the retaining of this stuff in the possession of the defendant? Does the secret storing of the liquor show an innocent purpose? Was the failure to say to the officers anything about having had the liquor since before the previous prosecution an innocent act? What words are there other than the defendant's statement alone showing that since the previous prosecution he had changed his mind and was now holding it for a proper purpose? To the Court this seems plainly unbelievable. However, I say to you that you are not to be controlled by my opinion of the evidence, and it is not my purpose by the expression of my opinion of the evidence to withdraw the evidence from your consideration and decision. It is your duty to consider all the evidence calmly and dispassionately, and after giving it that consideration which your oath requires to render a true verdict according to the evidence. The credibility,

that is, the belief which you would give to the evidence is for you. In considering the testimony of the witnesses, where it is conflicting, it is your duty to reconcile it if you can. If you cannot reconcile it, then you will have to determine which witnesses you will believe."

Under all the circumstances disclosed by this record we are not convinced that the learned trial judge committed any error in his charge. . It is true that he plainly and forcefully expressed his opinion with respect to the evidence introduced by the defendant, but it is equally true that he left to the jury the final disposition of the whole case. It is well settled in this Commonwealth that a judge may express his opinion regarding the evidence and in some cases it may be his duty so to do, but this should be so done as not to withdraw the evidence from the consideration and decision of the jury: Commonwealth v. Havrilla, 38 Pa. Superior Ct. 292, 297; Commonwealth v. Bloom, supra. The contention that the effect of the charge as a whole was to give binding instructions to convict is not borne out by a careful reading and consideration of the charge. Indeed, as above indicated, the trial judge would have been justified in charging that the statement of the defendant that he had retained possession of the liquor "for rubbing purposes" did not amount to a valid defense to the charge contained in the indictment. There was abundant evidence to support the conviction and as we find no reversible error in the charge all the assignments are dismissed.

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.