## Commonwealth *v.* Gross, Appellant.

*Criminal   law—Intoxicating   liquors—Transportation—Evidence—Sufficiency.*

In the trial of a criminal case, it is not error for the judge to express his opinion upon the facts, if done fairly, and it may be his duty to do so, in some cases, provided he does not give binding instructions or interfere with the province of the jury. It is the undoubted right of a judge, and often his duty, to express to the jury his opinion of the weight and effect of the evidence. The one limitation of the right is that there must be reasonable ground for his statement, and that it is not made as a binding direction, but leaves the jury free to act.

Where a trial judge has specifically directed the jury not to take the court's recital, but to take the testimony as they recalled it, not as stated by the court, and to decide the case after giving all of the evidence careful and dispassionate consideration, it cannot be said that the court infringed upon the province of the jury, or that the charge constituted reversible error.

KELLER, J. dissents.

Argued October 6, 1926.   Appeal No. 221, October T., 1926, by defendant from judgment of Q. S. Berks County, June T., 1926, No. 160, in the case of Commonwealth of Pennsylvania v. Lloyd A. Gross.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Indictment for unlawful possession of intoxicating liquor.   Before STEVENS, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.   Defendant appealed.

*Error assigned* was the charge of the court as referred to in the opinion of the Superior Court.

*Otto Kraus, Jr.,* and with him *Henry P. Keiser* and *Benjamin M. Golder,* for appellant.—The charge of the court amounted to binding instructions to convict: Shipp v. Schmidt & Murphy, 71 Pa. Superior Ct. 496; Burke v. Maxwell, 81 Pa. 139; Spitzel v. Hunt, 39 Pa. Superior Ct. 631.

*David F. Mauger,* District Attorney, and with him *A. H. Rothermel,* Assistant District Attorney, for appellee.—A trial judge may express his opinion on the evidence, and in some cases it is his duty so to do, provided he leaves the decision of the case to the jury: Commonwealth v. Havrilla, 38 Pa. Superior Ct. 292; Commonwealth v. Lawrence, 282 Pa. 128; Commonwealth v. Lessner, 274 Pa. 108; Commonwealth v. Brue, 284 Pa. 294.

OPINION BY HENDERSON, J., December 10, 1926:

The defendant who was a hotel keeper in Reading was indicted for the transportation of intoxicating liquor. He and two companions, Rocktashel and Levan, were riding eastwardly from Reading in a closed Cadillac car owned by the defendant their destination being Pottstown, where a brother of the defendant kept a hotel or restaurant. Rocktashel was driving the car; the defendant was sitting beside him in the front seat and Levan was in the rear seat. The car was so driven that it upset on the left side of the road, at about eight o'clock in the evening of April 16th, at a locality known as Monocacy Hill. Several persons arrived at the scene of the accident, very soon thereafter, who testified that they saw two persons removing packages from the car as it lay on the side of the road and transferring them to a near-by field.

These were found to be ten five-gallon cans of alcohol. Rocktashel and Levan left soon after the accident, and the defendant about twenty minutes thereafter, according to his statement, his automobile being left by him at the roadside.

The testimony of several witnesses pointed very strongly to the truth of the charge contained in the indictment, that the defendant was engaged in transporting the alcohol in his car. The character of these witnesses and the directness of their evidence fully supported the verdict returned. The testimony of the defendant consisted of a denial that he was transporting the liquor, or that it was in his car; the evidence of his companions though to the same effect was less direct and positive. The assignments of error relate to the charge of the court, the complaint being that it was not impartial and contained an expression that from the evidence the jury in the opinion of the court should not have any difficulty in arriving at a verdict of guilty. There were also comments on portions of the testimony and the importance to be attached thereto. A perusal of the evidence convinces us that the objections to the charge ought not to be sustained. It has been repeatedly said that ''it is not error for a judge to express his opinion upon the facts if done fairly,'' and that it may be his duty to do so in some cases provided he does not give binding directions or interfere with the province of the jury: Commonwealth vs. Orr, 138 Pa. 276. It was held in Commonwealth v. McGowan, 189 Pa. 641, which was a case of felonious homicide, that the court had an undoubted right to express its opinion upon the evidence and, where the jurors were instructed that the questions of fact were determinable by them and not by the court, the expression of the opinion furnished no ground for complaint. It was said by Chief Justice Fell, in Commonwealth v. Cunningham, 232 Pa. 609, that ''It is the

undoubted right of a judge and often it is his duty to express to the jury his opinion of the weight and the effect of the evidence. The one limitation of the right is that there must be reasonable ground for his statement and that it is not made as a binding direction but leaves the jury free to act." This was also a trial on an indictment for murder. The same rule is stated in Commonwealth v. Lessner, 274 Pa. 108. Of like purport are, Commonwealth v. Havrilla, 38 Pa. Superior Ct. 292, Commonwealth v. Bloom, 88 Pa. Superior Ct. 93.

The court's review of the facts was warranted by the evidence. The jury was emphatically directed not to take the court's recital, but to take the testimony as they recalled it, not as stated by the court. Part of the direction was: "I am endeavoring to give it [testimony] to you as I recall it, but it is your duty to take that testimony as you heard the witnesses give it. You will have to determine where the truth of this testimony lies." At the conclusion of the charge the court said: "I say further to you that, while I have a right to express to you my opinion, I want you to understand and to feel that you are entirely free to determine the guilt or innocence of this defendant, and it is your duty, after giving all the evidence in the case careful and dispassionate consideration, to decide. You are not bound in any way by the opinion of the Court; you are entirely free to decide, and it is your duty to render a true verdict according to the evidence in the case." The evidence was of such a character as to leave no doubt as to the propriety of the verdict and we are not convinced that the conclusion reached was due to any element of unfairness in the charge. The court did not give binding instructions but left to the jury the determination of the guilt or innocence of the defendant. The circumstances attending the accident

COMMONWEALTH *v.* GROSS, Appellant.    391

387,(1926).]   Opinion of the Court—Dissenting Opinion of the Court.

and the conduct of the defendant were acts which a bare denial by the latter and his companions did not sweep aside.

The assignments are overruled, the judgment affirmed, and it is further ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time this appeal was made a supersedeas.

---

DISSENTING OPINION BY KELLER, J., Dec. 10, 1926:

I regret having to dissent from the opinion of the court in this case, for I have no doubt the defendant was justly convicted. But it is essential to the proper administration of justice that the province of the jury be not infringed on by the judge and if it be permitted in a case where the evidence points to the guilt of the defendant it may be done where the defendant is innocent.

It is not to be doubted that the trial judge may properly express his opinion as to the weight or value of evidence produced on the trial; or as to the credibility of a witness; provided it is reasonably supported by the evidence in the case; and the jury are left free to make their own decision on the facts. But he has no right to state to the jury what he thinks their verdict ought to be, even though he tell them they are not bound to follow his opinion. In Shipp v. Schmitt & Murphy, 71 Pa. Superior Ct. 496, we reversed the judgment in a civil action because, inter alia, the trial judge said to the jury: "In our opinion, under the law and under the facts, the plaintiff is entitled to a judgment, but I leave that matter entirely for your consideration." We said on this point: "This was going beyond the widest latitude of comment or expression

of opinion on the evidence permitted to a trial judge by the decisions of this State. The language complained of was not merely the expression of the judge's opinion as to the weight and value of evidence as to a material fact: Repscher v. Wattson, 17 Pa. 365; nor as to the truthfulness of the plaintiff's testimony: Price v. Hamscher, 174 Pa. 73; nor of doubt as to the truth of the defendant's testimony: Leibig v. Steiner, 94 Pa. 466. It was not confined to the consideration of any particular fact or the evidence of any particular witness or witnesses. It covered the whole case and embraced both fact and law, and exceeded the 'authority of the trial judge to express opinion upon the evidence and comment on matters affecting the credibility of the witnesses': Blumenthal v. Green, 52 Pa. Superior Ct. 292. In Sampson v. Sampson, 4 S. & R. 329, the trial judge in his charge to the jury said: 'Upon the whole, the evidence on the part of the defendant appears to be very loose, too much so to entitle him to a verdict.' The Supreme Court held that the language was improper, Mr. Justice GIBSON saying: 'To say the evidence is too loose to entitle the party to a verdict looks so much like a positive direction operating on both fact and law, that it may very well, to say the least, have been mistaken for one,' and Mr. Justice DUNCAN: 'It was a declaration that, whatever credit might be given to the witnesses on the part of the defendant, whatever conclusion the jury might draw from the testimony, still it was insufficient in law to entitle the defendant to a verdict.' Nor was the error such that it could be cured by referring the matter to the jury for their consideration: Burke v. Maxwell, 81 Pa. 139. As was said by the President Judge of this court in the case of Spitzel v. Hunt, 39 Pa. Superior Ct. 631: 'Such a statement coming from the bench would control, or at least very seriously affect, the determination of the jury.' ''

In his charge in the present case the trial judge went beyond what we held was improper in Shipp v. Schmitt & Murphy. He said: "I say to you frankly, members of the jury, that in the light of all the testimony in this case it seems to us that you ought to have no difficulty in arriving at a verdict of guilty on both counts of the indictment." While he subsequently told the jury that they were not bound by his opinion and were entirely free to determine the guilt or innocence of the defendant, yet in the words of the late Judge ORLADY, quoted above: "Such a statement coming from the bench would control, or at least very seriously affect, the determination of the jury."

I would sustain the fourth assignment.