## Commonwealth v. Gore

*Sidney M. DeAngelis*, for Commonwealth.

*Alvin L. Weiss*, for defendant.

KNIGHT, P. J., March 28, 1957.—Defendant was convicted on a bill of indictment charging him with operating a motor vehicle while under the influence of intoxicating liquor.

He has filed this motion assigning in support thereof the four usual reasons, viz.: The verdict was against the evidence, against the weight of the evidence, against the law and against the charge of the court.

The verdict was not against the charge of the court, for the trial judge submitted the case to the jury in a charge of which no complaint is made.

The verdict was not against the law, for the questions involved were questions of fact; no question of law was raised.

The verdict was not against the evidence, for if the evidence produced by the Commonwealth was believed, defendant was properly convicted. The only reason which merits discussion is that the verdict was against the weight of the evidence.

This is a close case for defendant was badly injured when the motorcycle in which he was riding collided with an automobile on Route 663 in the western end of the county. The injuries of defendant made it difficult to say if his condition after the accident was due to these injuries or to the fact that he was under the influence of liquor.

Two, witnesses were called by the Commonwealth: A State policeman and Dr. Glocker, chief of surgery at the Pottstown General Hospital. The State trooper gave his opinion that defendant was under the influence of liquor, basing his opinion upon the heavy odor of liquor on his breath, his general demeanor and his incoherent and thick speech. Under cross-examination, he frankly admitted that except for the odor of liquor, the other symptoms could have been due to his injuries. Dr. Glocker was an impressive witness. He had set defendant's leg and defendant was under his professional care at the time of the trial. He realized to the fullest his duty and responsibility to his patient, as well as his duty and responsibility to the public and the administration of justice. He was in an unfortunate position and he knew it. He, testified that in his opinion defendant was under the influence of liquor a half-hour after the accident and gave the reasons on which he based his opinion. In so testifying, the doctor showed himself to be a man of integrity and a physician with high ethical standards.

Defendant testified that he had nothing to drink that morning, although he admitted that he had six or seven beers the night before. He admitted that an hour or so before the accident happened he visited a hotel twice, but declared he only had a drink of water each time. We do not think the jury believed this.

His wife testified that she smelled liquor on his breath when he arose for breakfast and that after he had his meal there was still a faint odor of liquor on his breath. Both the officer and Dr. Glocker testified that defendant had a heavy odor of liquor on his breath when he was in the hospital. The jury may well have inferred from this that defendant did not tell the truth when he said he had nothing to drink that morning.

There is one unusual feature in this case. Dr. Glocker testified in the late afternoon of January 22, 1957, and

with his testimony the Commonwealth closed its case. Thinking there would be demurrer in the morning, Mr. Taylor, my court reporter, transcribed the doctor's testimony. This is not done in one case in a hundred, and then another unusual thing happened. After the jury retired, they asked for a copy of the doctor's testimony. In the average case the jury makes no such request and if made, the trial judge could not grant it for the testimony would not be transcribed. In this case, however, the doctor's testimony had been transcribed, so the trial judge, with the consent of counsel for defendant, allowed the jury to have the notes. It seems that attached to the doctor's testimony was a page on which appeared a colloquy between the trial judge and counsel in which the trial judge said that Dr. Glocker was an impressive witness.

Neither counsel or the trial judge knew of this additional page and the question now arises as to whether defendant was prejudiced by the statement of the trial judge.

It is impossible to tell from the record whether the statement of the trial judge was made in the presence of the jury, but it is the recollection of the trial judge that the statement was made after the jury had retired for the day.

A trial judge may express an opinion on evidence or witnesses without committing reversible error so long as he leaves the question of guilt to the jury for their decision. In Commonwealth v. Long, 100 Pa. Superior Ct. 150, the trial judge suggested to the jury that under the evidence they should find defendant guilty, but the trial judge did not seek to control the jury and left the decision up to them. This was held not to be reversible error. In Commonwealth v. Bloom, 89 Pa. Superior Ct. 308, the court characterized defendant's story as unbelievable but told the jury that they were not to be controlled by its opinion. Held no

error. In Commonwealth v. Gross, 89 Pa. Superior Ct. 387, the court said in its charge to the jury: "I say to you frankly—that in the light of all the testimony in this case it seems to me that you ought to have no difficulty in arriving at a verdict of guilty". The court followed this with the statement that the jury were entirely free to determine defendant's guilt or innocence. This was held not to be reversible error.

If statements like the above have been held not to be reversible error, surely the opinion expressed by the trial judge that he was impressed by a witness could not be considered reversible error, particularly as the trial judge left the decision as to defendant's guilt or innocence to the jury in a charge of which no complaint is made.

While the case is a close one, we do not think the verdict was so much against the weight of the evidence as to warrant us in setting it aside.

And now, March 28, 1957, the motion for a new trial is overruled and defendant is directed to appear in courtroom "A" on Friday, April 12, 1957, at 10 a.m., to receive the sentence of the court.